UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL OLIVER,

    Plaintiff,               CASE NO.
                              HON.

-vs-

DONALD BUSSA, in his
Individual and official capacity,
STEPHEN CASSINI, an individual
And the CITY OF DETROIT,
Jointly and Severally,

    Defendants.

| DAVID A. ROBINSON (P38754) | PATRICK M. CUNNINGHAM |
| BRANDON MCNEAL (P81300) | (P67643) |
| Robinson and Associates, P.C. | City of Detroit Law Department |
| Attorneys for Plaintiff | Attorneys for Defendant City of Detroit |
| 28145 Greenfield Rd., Suite 100 | 2 Woodward Avenue, Suite 500 |
| Southfield, MI 48076 | Detroit, MI 48226 |
| (248) 423-7234 | (313) 237-5032 |
| davidrobinsonlaw@gmail.com | cunninghamp@detroitmi.gov |
| | |
| THOMAS E. KUHN (P37924) | AUDREY J. FORBUSH (P41744) |
| Co-Counsel for Plaintiff | Plunkett Cooney |
| 615 Griswold Street, Ste. 515 | Attorneys for Defendant Cassini |
| Detroit, MI 48226 | 111 E. Court St., Ste. 1B |
| (313) 963-522 | Flint, MI 48502 |
| tekuhn@ahol.com | aforboush@plunkettcooney.com |

**Notice of Removal of Civil Action**

Under 28 U.S.C. § 1441, Defendant City of Detroit (hereinafter, "the City")

removes this civil action predicated upon the following:

1.   On September 4, 2020, plaintiff commenced this action in the Third Judicial

Circuit of Michigan. This action is now pending before that court.

2.   The City was served with the summons and complaint on September 8,

2020. (Exhibit A).

3.   Counts I, II and III of Plaintiff's complaint allege claims under the United

States Constitution as well as money damages under 42 USC § 1983. (Id).

4.   This Court has original jurisdiction of the above-entitled action under 28

U.S.C. § 1331 and removal of the action to this Court is proper under 28

U.S.C. § 1441.

5.   Under 28 U.S.C. § 1441(c) this action is removed in its entirety to this

Court.

6.   Copies of all process, pleadings, and orders served upon the City in this

matter are attached.

7.   This notice is timely, having been filed within thirty days after service of the

Amended Complaint upon the City, which complaint raises claims under the

United States Constitution as well as 42 USC § 1983.

8.   Defendant Cassini has consented to removal.

9.   Upon information and belief, no other defendants have been served, and all

potential defendants are expected to consent to removal.

10.   The undersigned has prepared a written notice of the removal of this action.

Promptly after filing this Notice of Removal of Civil Action, the

undersigned will file a copy with the clerk of the court from which this

action is removed, and provide a copy to counsel of record by first class mail

and email.  Based upon the authorities and facts recited above, defendants

remove the above-entitled action to this Court.

CITY OF DETROIT

PATRICK M. CUNNINGAM (P67643)
By:/s/ Patrick M. Cunningham
City of Detroit Law Department
Attorney for City of Detroit
2 Woodward Avenue, Suite 500
Detroit, Michigan 48226
(313) 237-5032
cunninghamp@detroitmi.gov

October 6, 2020

**Certificate of Service**

The undersigned certifies that on October 6, 2020, he served the foregoing papers upon the above named counsel of record by U.S. Mail and by email.

/s/ Patrick M. Cunningham

# EXHIBIT A

Approved, SCAO

Original - Court
1st Copy- Defendant

2nd Copy - Plaintiff
3rd Copy -Return

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | RECEIVED **SUMMONS** Mail | CASE NO.<br>20-011495-NO<br>Hon.Lita Masini Popke |
|---|---|---|
| Court address : 2 Woodward Ave., Detroit MI 48226 | SEP 0 8 2020 | Court telephone no.: 313-224-2953 |

| Plaintiff's name(s), address(es), and telephone no(s)<br><br>Oliver, Michael | CITY OF DETROIT<br>LAW DEPARTMENT<br>v | Defendant's name(s), address(es), and telephone no(s).<br><br>City of Detroit |
|---|---|---|
| **Plaintiff's attorney, bar no., address, and telephone no**<br><br>David A. Robinson 38754<br>28145 Greenfield Rd Ste 100<br>Southfield, MI 48076-7102 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

## Domestic Relations Case

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

## Civil Case

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court,

where it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.          | **SUMMONS** |

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>9/4/2020 | Expiration date*<br>12/4/2020 | Court clerk<br>Laverne Chapman |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (9/19)          **SUMMONS**          MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105



**SUMMONS**

Case No. : **20-011495-NO**

## PROOF OF SERVICE

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

## CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

☐ **OFFICER CERTIFICATE**          OR          ☐ **AFFIDAVIT OF PROCESS SERVER**

I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that:    (notarization not required)

Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]),  and that:    (notarization required)

☐ I served personally a copy of the summons and complaint.

☑ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____

List all documents served with the Summons and Complaint

_____

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| Attn: Lawrence Garcia, Esq City of Detroit | City of Det Law Dept 2 Woodward Ave, Ste 502 Detroit, MI 48226 | 9/4/20 @ 4:30pm |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled $ | Fee $ | |
|---|---|---|---|
| Incorrect address fee $ | Miles traveled $ | Fee $ | Total fee $ |

Signature
*Cheryl Watson*

Name (type or print)
*Cheryl Watson*

Title
*Legal Assistant*

Subscribed and sworn to before me on _____,  *Oakland* _____ County, Michigan.
Date

My commission expires: 11/5/2025          Signature: _____
Date                                   Deputy court clerk/Notary public

Notary public, State of Michigan, County of *Washtenaw* _____

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments

_____ on _____
Day, date, time

_____ on behalf of _____

20-011495-NO FILED IN MY OFFICE   WAYNE COUNTY CLERK   Cathy M. Garrett   9/4/2020 10:18 AM   Laverne Chapman

## STATE OF MICHIGAN
## WAYNE COUNTY CIRCUIT COURT

**MICHAEL OLIVER,**

     **Plaintiff,**　　　　　　　　　　**CASE NO. 20-011495-NO**

**v.**

　　　　　　　　　　　　　　　　　　**HON. Lita Popke**

**DONALD BUSSA, In his**
**individual and official capacity,**
**STEPHEN CASSINI, an individual**
**and CITY OF DETROIT,**
**Jointly and Severally,**

     **Defendants,**

_____/

**DAVID A. ROBINSON (P 38754)**
**BRANDON MCNEAL (P 81300)**
**ROBINSON AND ASSOCIATES, P.C.**
Attorneys for Plaintiff
28145 Greenfield Rd., Suite 100
Southfield, MI 48076
(248) 423-7234
davidrobinsonlaw@gmail.com

**THOMAS E. KUHN (P37924)**
Co-Counsel for Plaintiff
615 Griswold Street, Ste. 515
Detroit, MI 48226
313.963.522; fax 313.963.9061
tekuhn@aol.com

_____/

## COMPLAINT and JURY DEMAND

There is no other pending or resolved cases between these parties or other parties
arising from the transaction or occurrence alleged in the complaint.

        /s/ David A. Robinson
        DAVID A. ROBINSON (P39754)

**NOW COMES** the Plaintiff, by and through his attorneys, and for his complaint against the Defendants states as follows:

## PARTIES

1.  At all pertinent times, Plaintiff was a resident of Wayne County, and a citizen of the State of Michigan.

2.  Defendant Bussa, (hereafter Bussa) was a citizen of the State of Michigan, and at all pertinent times worked and was employed by Defendant City of Detroit, a Michigan municipality, as a police officer in Wayne County.

3.  Defendant **CITY OF DETROIT** (hereinafter **DETROIT** ) is a municipal corporation and/or political sub-division operating under, and subject to, the constitution and laws of the State of Michigan, and of the United States.

4.  Defendant Cassini (hereafter Cassini) is a resident of Wayne County and was a citizen of the State of Michigan,

## JURISDICTION and VENUE

5.  Individual Defendant Bussa was at all pertinent times employed as a police officer and was, at all times pertinent, acting under color of state law and pursuant to customs, policies and practices of Defendant City of Detroit.

6.  The Plaintiff brings this action under the Constitution of the United States and under 42 USC 1983, and state law.

2

7. The actions giving rise to this complaint arose entirely within Wayne County, Michigan around July 31, 2019, but also earlier and later.

8. The amount in controversy exceeds TWELVE MILLION DOLLARS 00/100 $12,000,000.00.

## FACTUAL ALLEGATIONS

9. Defendant Bussa, working as DPD investigator, was assigned to investigate a larceny committed by a person, easily identifiable, against Cassini which occurred May 15, 2019.

10. On the date of the larceny Cassini's phone was snatched by an African American male at the same time that Cassini was recording him, his friend and a large crowd on Warren Ave. in the City of Detroit.

11. The disturbance arose near the school where Cassini worked as a teacher, and involved a number of students from the school. Other students from the school hollered at the African American suspect telling him that Cassini was a teacher. This made the suspect throw the phone away, after which Cassini retrieved it.

12. Cassini called the police to report the crime. The recording on Cassini's phone was undisturbed. He gave his phone to the police who obtained the images of the African American suspect.

3

13. The images recorded the crime, the actual suspect and a friend of the suspect.

14. At some later time Cassini met with Bussa and told Bussa that Andre Jackson was the other African American in the video who was in the company of the suspect.

15. On being assigned the case Bussa contacted the DPD Crime Intel Unit. He gave the image from the phone to Lieutenant Joseph Dabliz, who was in charge of DPD facial recognition and requested he run the suspect's image through the Data Works Plus data bank.

16. The facial recognition data bank in use by the DPD returned Plaintiff's photo. Without any further investigation, Bussa denoted the Plaintiff was the person in the recording who assaulted Cassini. Without further investigation and without the benefit of a DPD written policy on the use and implementation of facial recognition utility, Bussa assumed Plaintiff was the person who snatched Cassini's phone.

17. Based on the failed technology and failed DPD policy Bussa conducted a photo show up where Cassini allegedly identified the Plaintiff.

18. During the investigation Cassini claimed he spoke to his former student, Andre Jackson, and learned from him that the Plaintiff was the person who snatched his phone. This was a lie.

4

19.  Without contacting Andre Jackson or the school or any of the student witnesses to the actual crime Bussa submitted a warrant request to the Wayne County Prosecutor which resulted in a warrant for the Plaintiff's arrest.

20.  On July 31, 2019, while the Plaintiff was driving to work he was stopped by a Ferndale police officer and told there was a felony warrant out of Detroit for his arrest. The officer took Plaintiff from his car and ordered him under arrest. The officer also impounded his car.

21.  Plaintiff was handcuffed and carted off to jail. Detroit police picked up the Plaintiff from Ferndale and drove him to the Detroit Detention Center (DDC) where he was jailed for nearly three days.

22.  While at the DDC, Bussa never made any attempt to take a statement from the Plaintiff or do anything to offer the Plaintiff the chance to prove his innocence.

23.  Bussa never attempted to take any other investigative strategies to correctly identify the actual criminal who assaulted Cassini.

24.  On August 26, 2019, at a preliminary examination Plaintiff was bound over. Cassini pointed at the Plaintiff during the hearing identifying him. However this in court identification was clearly tainted.

5

25.   On or about September 13, 2019 at the prosecutor's request all charges against the Plaintiff were dismissed as it was clear to the prosecutor, the court and Plaintiff's attorney that the image of Plaintiff and that of the suspect were distinctly not the same and he had been misidentified.

26.   As a direct and proximate result of the Defendants' misconduct, the Plaintiff suffered injuries and damages including, but not limited to:

a.   Physical and emotional injuries, aggravations and pain and suffering;

b.   Fear, anxiety, humiliation, and shame;

c.   Loss of liberty;

d.   Serious emotional distress;

e.   Economic damages, past and future, including, but not limited to medical expenses and attorney fees.

## COUNT I
## 42 USC 1983 AGAINST BUSSA

27.   Plaintiff hereby re-alleges and incorporates herein by reference all of the prior paragraphs, as though the same were fully set forth herein word for word.

28.   Bussa's actions were done in his individual capacity, and under color of state law.

29.    Bussa's actions violated clearly established rights of the Plaintiff including but not limited to:

6

(a)   The right to be free from wrongful seizure (4th Amendment);

(b)   The right to equal protection, procedural and substantive due process and fair treatment during stop, search, and seizure (1st, 4th, and 14th Amendments);

(c)   The right to procedural and substantive due process and fair treatment during stop, search, and seizure (1st, 4th, and 14th Amendments);

30.   As a direct and proximate result of Bussa's actions, Plaintiff suffered injury and damages including those set forth in paragraph 26.

     **WHEREFORE**, Plaintiff claims judgment against Bussa in the amount of TWELVE MILLION DOLLARS ($12,000,000.00) which is fair and just and consistent with the law and evidence as shall be determined, together with interest, costs and attorney's fees, and all other damages, including exemplary and/or punitive damages allowable by law.

**COUNT II**
**MUNICIPAL LIABILITY AGAINST DEFENDANT CITY OF DETROIT**
**UNDER 42 USC 1983**

31.   The Plaintiff incorporates by reference the allegations set forth in the paragraphs above, as if fully set forth herein.

32.   At all times herein, Defendant CITY OF DETROIT, with deliberate indifference to the constitutional rights of the Plaintiff and other similarly situated individuals, established, condoned, promulgated, implemented, and

7

maintained the following customs, policies, and/or practices that were a proximate cause and a moving force in violations of the Plaintiff's rights under the United States Constitution:

(a)   Routinely continuing wrongful seizures without reason or justification based on a facial recognition system put in use by DPD to catch criminals knowing at the time the technology was problematic when attempting identify persons of color;

(b)   Even though knowing the facial recognition system in use misidentified persons of color DPD put this flawed identification process in use without any written policy or training or notice to users of its systemic inadequacy in identifying persons of color.

(c)   That the record of misidentifications is greater than just this Plaintiff and others known to the Plaintiff including but not limited to Robert Williams, who is similarly of African American heritage, and others as yet unknown to the Plaintiff but who will be identified in the discovery process;

(d)   Routinely concealing, covering up, and hiding evidence of wrongdoing by law enforcement officers employed by the Defendant City of Detroit;

8

(e) Failing to adequately train, supervise, and/or discipline law enforcement officers and supervisors with regard to the appropriate and necessary bases for lawful seizure;

(f) Hiring and/or retaining as law enforcement officers and supervisors certain persons whom the Defendant City of Detroit knew or had actual notice of unlawful seizure without reason or justification;

(g) Failing to intervene when it knew of improper continuation of use of unlawful seizure;

(h) Ratifying, condoning and/or permitting the conduct of Bucca and other officers to continue the use of facial recognition procedure knowing the technological failure of the process to accurately identify persons of color;

(i) Relying on failed facial recognition technology knowing the science of facial recognition has a substantial error rate among black and brown persons of ethnicity which would lead to the wrongful arrest and incarceration of persons in that ethnic demographic.

(j) Failing to even have a written policy at the time of Plaintiff's wrongful arrest knowing the science of facial recognition has a substantial error rate among black and brown persons of ethnicity which would lead

9

to the wrongful arrest and incarceration of people in that ethnic demographic.

33. Each of the aforementioned customs, policies, or practices was known to Defendant City of Detroit as highly likely and probable to cause violations of the United States Constitutional rights of Plaintiff and other individuals subject to wrongful identification and arrest, each was a moving force in the violations of the Plaintiff's United States Constitutional rights, as set forth herein.

34. As a direct and proximate result of the actions taken by the Defendants, as discussed more fully above, the Plaintiff has suffered severe damages as listed in paragraph 26, and including but not limited to:

(a) Psychological harm, past and future;

(b) Degradation, humiliation, embarrassment, indignation, outrage, shame, fear, anxiety, loss of reputation, emotional distress, loss of enjoyment, loss of enjoyment of life, and past and future mental anguish;

(c) Pain and suffering due to physical injury;

(d) Economic loss;

(e) Attorney fees and costs allowable under 42 USC 1988.

## COUNT III
## EQUALPROTECTION UNDER THE 14TH AMENDENT

35. The Plaintiff incorporates by reference the allegations set forth in the paragraphs above, as if fully set forth herein.

36. DPD and Bussa had a duty pursuant to the the 14th Amendment of the United States Constitution to provide Plaintiff with equal protection under the law.

37. DPD and Bussa breached their duty by continuing to use a flawed facial recognition system knowing it's error rate in misidentifying black and brown persons who were not involved in any crime yet seeking arrest warrants against them and doing so with no written DPD policy on the use, implementation and direction.

38. As a direct and proximate result of the actions taken by the Defendants, as discussed more fully above, the Plaintiff has suffered severe damages as listed in paragraph 26, and including but not limited to:

(a) Psychological harm, past and future;

(b) Degradation, humiliation, embarrassment, indignation, outrage, shame, fear, anxiety, loss of reputation, emotional distress, loss of enjoyment, loss of enjoyment of life, and past and future mental anguish;

(c) Pain and suffering due to physical injury;

(d) Economic loss;

11

(e) Attorney fees and costs allowable under 42 USC 1988.

## COUNT IV
## ELLIOT LARSON
### VIOLATION OF PUBLIC ACCOMMODATION OF PUBLIC SERVICE AT MCLA37.2301 AGAINST THE CITY OF DETROIT

39.   Plaintiff incorporates herein Paragraphs 1- 39 and further states:

40.   The Plaintiff was denied "full and equal enjoyment of . . . public service because of . . . race. . ." MCL 37.2302.

41.   Defendants' conduct constituted racial discrimination as defined under the Elliott-Larsen Act.

42.   Defendant COD allowed Bussa and others to engage in a pattern of racial discrimination of plaintiff and other African-American citizens in violation of the equal protection guaranteed by Elliott-Larsen Act.

43.   As a direct and proximate result of the conduct of defendants, plaintiff has suffered injuries and damages, including but not limited to:

i. Past and future pain and suffering, embarrassment, humiliation, mortification;

ii. Economic Damages;

iii. Past and future emotional distress; and

iv. Deprivation of equal protection and due process of law.

44. Defendant CITY OF DETROIT Police Department is a place of public accommodation, a public service, and law enforcement agency as defined in Michigan's Elliot-Larsen Civil Rights Act (the Act), MCLA 37.2301.

45. COD's officer Bussa is a person, as that term is defined in the Act, and is an agent of the CITY OF DETROIT.

46. Defendant COD violated the Act and deprived the Plaintiff of his civil rights by, among other things, subjecting the Plaintiff, because of his race, arresting Plaintiff and other untoward acts which had the purpose and effect of denying her the full benefit of public safety of the police department and denying Plaintiff full and equal access to the use and privileges of public accommodations, public service, and police protection.

47. Wherefore, Plaintiff requests damages as allowable by law.

## COUNT V
## NEGLIGENCE AGAINST CASSINI

48. Cassini had a duty to tell the truth about who had stolen his phone in order to avoid infliction of harm and wrongful arrest of the Plaintiff.

49. Cassini breached that duty when he claimed it was the Plaintiff that comitted the larceny thereby instigating the Plaintiff's arrest.

50. As a direct and proximate result of the Defendants' misconduct, the Plaintiff suffered injuries and damages including, but not limited to:

   a. Physical and emotional injuries, aggravations and pain and suffering;

b.   Fear, anxiety, humiliation, and shame;

c.   Loss of liberty;

d.   Serious emotional distress;

e.   Economic damages, past and future, including, but not limited to medical expenses and attorney fees.

## COUNT VI
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

51.   Plaintiff hereby re-alleges and incorporates herein by reference all of the prior paragraphs, as though the same were fully set forth herein word for word.

52.   At all times relevant hereto Bussa notwithstanding his standard duty of care, owed Plaintiff the following duties, among other:

(a)   To refrain from inflicting intentional emotional distress on Plaintiff, in bad faith;

(b)   To refrain from subjecting Plaintiff to wrongful arrest and other abuse in violation of Michigan law and in bad faith;

(c)   To refrain from subjecting Plaintiff to emotional distress through wrongful seizure, physical assault and battery, and further threats which were also assaults;

(d)   To refrain from treating Plaintiff in an extremely abusive manner;

53.   Bussa willfully, wantonly, recklessly, knowingly and/or intentionally breached one or more of said duties by, among other things:

(a)    Recklessly, wantonly and/or intentionally, in bad faith, inflicting emotional distress upon Plaintiff by wrongfully assaulting and battering Plaintiff;

(b)    Recklessly, wantonly and/or intentionally, in bad faith, subjecting Plaintiff to injury and pain resulting from assault and battery;

(c)    Recklessly, wantonly and/or intentionally, in bad faith, treating Plaintiff in an extremely and outrageously abusive manner.

54.    As a direct and proximate result of said reckless, willful, wanton, knowing and/or intentional misconduct, all done in bad faith, by Bussa, Plaintiff suffered and continues to suffer serious and permanent personal injuries, including but not limited to, physical and mental pain, serious mental anguish, serious emotional distress, shock, fright, humiliation, degradation, embarrassment, loss of enjoyment of life, and a lesser leaning, liking and ability towards previous home, family, social, recreational and personal activities, all past, present and future, as well as any other damage listed in paragraph 26.

**WHEREFORE**, Plaintiff demands judgment against Defendant Bussa for whatever amount a jury shall determine together with interests, costs, exemplary damages, attorney fees and any other relief allowable by law.

## COUNT VII
## GROSS NEGLIGENCE

55.    Plaintiff re-alleges all prior paragraphs.

15

56. Defendant Bussa owed Plaintiff a duty of care, including but not limited to

    a:

    (a)    Duty to provide protection for Plaintiff when he was in a helpless condition;

    (b)    Duty not to make Plaintiff's condition worse after taking him into his custody and control;

    (c)    Duty to properly supervise other officers;

    (d)    Duty to properly assure the safety of Plaintiff when he was in his care;

    (e)    Duty not to discontinue their aid or protection, and by doing so leave Plaintiff in a worse position than when the Defendant took charge of him. Rest. 2nd Torts §324A;

    (f)    Duty not to injure Plaintiff through gross negligent conduct.

57. The actions of Bussa, wantonly and recklessly, with gross negligence, violated the duties to Plaintiff and disregarded Plaintiff's rights.

58. Bussa wantonly and recklessly, with gross negligence, violated the duties to Plaintiff and disregarded Plaintiff's rights.

59. Bussa's acting with gross negligence and denying Plaintiff's rights caused loss of rights and injury to the Plaintiff.

60. The Bussa's actions were in wanton, reckless and callous disregard to Plaintiff's rights and to the injury to Plaintiff and were grossly negligent.

61. Under MCL 691.1407, citizens may maintain an action in tort against police officers whose actions constitute gross negligence and state granted

immunity does not bar such a claim even when the officer is acting within the scope of his authority.

62.    As a direct and proximate result of Bussa's actions, Plaintiff suffered injury and damages including, but not limited to, those set forth in paragraph 26.

**WHEREFORE**, Plaintiff demands judgment against the Defendant for whatever amount a jury shall determine together with interests, costs, and attorney fees.

**<u>JURY DEMAND</u>**

**NOW COMES** the Plaintiff and demands trial of his cause by jury.

Respectfully submitted,

<u>/s/ David A. Robinson</u>
David A. Robinson(P38754)
Brandon McNeal (P81300)
Thomas E. Kuhn (P37924)
ROBINSON AND ASSOCIATES, P.C.
Attorneys for Plaintiff

Dated:  September 4, 2020

17