UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL OLIVER,

    Plaintiff,

v.

CITY OF DETROIT,
STEPHEN CASSINI, and
DONALD BUSSA,

    Defendants.

Case No. 20-12711
Honorable Laurie J. Michelson

**ORDER DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION OVER STATE LAW CLAIMS**

Michael Oliver was wrongly accused of a crime and believes that Donald Bussa (a police officer for the City of Detroit), Stephen Cassini (the victim of the crime), and the City of Detroit are at fault. So he sued, claiming violation of federal law. But along with his federal claims, Oliver also brought claims under state law.

The Court may, but not must, preside over the state-law claims. *See* 28 U.S.C. § 1367(a); *Gamel v. City of Cincinnati*, 625 F.3d 949, 951 (6th Cir. 2010) ("Section 1367 grants a district court broad discretion to decide whether to exercise jurisdiction over state-law claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." (internal quotation marks omitted)). Courts have the discretion to decline to exercise supplemental jurisdiction over a state-law claim when "the claim raises a novel or complex issue of State law, the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, [or] the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c) (subsections omitted). A court also

may choose not to exercise jurisdiction if "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c)(4). Compelling reasons for declining jurisdiction "should be those that lead a court to conclude that declining jurisdiction best accommodates the values of economy, convenience, fairness, and comity." *Brown v. Scaglione*, No. 20-10192, 2020 WL 674291, at *2 (E.D. Mich. Feb. 11, 2020) (citation omitted).

The Court declines to exercise supplemental jurisdiction over Oliver's state-law claims. In Counts I, II, and III, Oliver alleges that Bussa violated the First, Fourth and Fourteenth Amendments to the Constitution, that the City of Detroit is liable under *Monell*, and that the City and Bussa violated the Equal Protection Clause. (ECF No. 1, PageID.14–18.) But in Counts IV through VII, Oliver alleges violation of Michigan's Elliott-Larsen Civil Rights Act, common law negligence, intentional infliction of emotional distress, and gross negligence. (ECF No. 1, PageID.19–23.) At least some elements of the federal claims (Counts I through III) and at least some elements of the state-law claims (Counts IV through VII) are different and will require different proof. So discovery on the two sets of claims may not be entirely overlapping. Further, a jury might be forced to draw subtle distinctions in deciding whether the Constitution was violated, the defendants were negligent, or the defendants were grossly negligent. For these and other reasons, the Court will not exercise supplemental jurisdiction over Oliver's state-law claims. *See Brown v. Scaglione*, 2020 WL 674291, at *2 (declining to exercise supplemental jurisdiction over state-law claims because they would "raise problems, including the need to introduce evidence inapplicable to the evidence relevant to the federal claims, the presence of disparate legal theories on both claims and defenses, and the need to create expanded and contradictory jury instructions"); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 727 (1966) (holding that the likelihood of jury confusion is an appropriate factor to consider in declining supplemental

jurisdiction); *Kozma v. City of Livonia*, No. 14-2268, 2014 WL 3956450, at *1 (E.D. Mich. Aug. 13, 2014) (same).

Counts IV through VII of Oliver's complaint are DISMISSED WITHOUT PREJUDICE.

SO ORDERED.

Dated: October 16, 2020

                                          s/Laurie J. Michelson
                                          LAURIE J. MICHELSON
                                          UNITED STATES DISTRICT JUDGE