UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL OLIVER,

    Plaintiff,

v.

CITY OF DETROIT, and
DONALD BUSSA,

    Defendants.

Case No. 20-12711
Honorable Laurie J. Michelson
Magistrate Judge David R. Grand

## CASE MANAGEMENT REQUIREMENTS AND SCHEDULING ORDER

This civil case having come before the Court pursuant to Federal Rule of Civil Procedure 16 and the parties having submitted a proposed discovery plan, the Court enters the following schedule to manage the progress of the case:

| EVENT[1] | DEADLINE |
|---|---|
| Amendment of Pleadings | Per Rule 15 |
| Interim Status Conference[2] | March 3, 2021 at 10:00 a.m. |
| Plaintiff's Expert Disclosures | April 5, 2021 |
| Lay Witness Lists Filed | April 21, 2021 |
| Defendants' Expert Disclosures | May 5, 2021 |
| Plaintiff's Expert Rebuttal | May 26, 2021 |
| Fact Discovery Cutoff | June 21, 2021 |
| Expert Discovery Cutoff | July 26, 2021 |
| Dispositive Motions | August 30, 2021 |
| Challenges to Experts | August 30, 2021 |
| Motions *in Limine* | To Be Determined |

---

[1] For any events not listed on the Scheduling Order, please refer to Federal Rule of Civil Procedure 26.

[2] To participate in the conference, dial into the Eastern District of Michigan's telephone conference system at (866) 434-5269. The system will then provide directions for joining the call; when asked for an access code, use 9819334. If possible, please refrain from participating in the conference on a cell phone.

| Joint Proposed Final Pretrial Order (and pretrial submissions) (*See* § 11) | TBD |
|---|---|
| Final Pretrial Conference | TBD |
| Jury Trial | TBD |
| Estimated Length of Trial | TBD |

## ADDITIONAL CASE MANAGEMENT REQUIREMENTS

1. **LOCAL COUNSEL**: An attorney admitted to practice in the Eastern District of Michigan who appears as attorney of record and is not an active member of the State Bar of Michigan must specify local counsel with an office in this district. Local counsel must enter an appearance and otherwise comply with Local Rule 83.20(f). All inquiries regarding admission to this district should be directed to the Clerk's office at (313) 234-5005.

2. **DISCOVERY EXTENSIONS**: Parties may agree to extend the discovery cutoff deadline by filing a stipulation and order with the Court provided the extension of time does not affect the motion cutoff, final pretrial conference, or trial dates. Extensions or adjournments of those three events will be considered only upon the filing of a timely written motion, including a joint motion.

3. **PROTECTIVE ORDERS**: Proposed protective orders may be entered by stipulation of the parties, and such stipulations are encouraged. But protective orders may not contain language that authorizes in advance the filing of documents under seal. Filings under seal are governed by Local Rule 5.3, and the Court requires that those procedures be followed.

4. **DISCOVERY DISPUTES**: Discovery motions are *not* to be filed until the parties have complied with the following procedures:

   a. *First*: The parties must meet and confer in a good-faith effort to resolve their differences without Court intervention. Failure of a party to make itself available for this conference may result in sanctions.

   b. *Second*: In the event these good-faith efforts are unsuccessful, the moving party is required to schedule a telephonic conference with the Court in a further effort to try to resolve the discovery dispute prior to filing any motion. Counsel shall contact the Court's case manager to schedule the conference. At least 48 hours prior to the conference, each side shall submit a one-page summary of the dispute via the link for proposed orders located under the Utilities section of CM/ECF. The parties should also exchange their summaries at that time. If the conference is scheduled within 48 hours of the parties' request, the parties are to submit and exchange their summaries as soon as possible.

   c. *Third*: If the dispute still cannot be resolved following the telephonic conference, the Court will entertain or refer to the assigned Magistrate Judge the relevant discovery motion. Attach a complete copy of the discovery request and response at issue. If the

      motion involves a deposition that has already taken place, provide a complete transcript.

    d. Failure to comply with these steps may result in an award of costs and reasonable attorney's fees against the non-complying party.

5. **BRIEFING:** Unless specifically addressed in the Court's Notice of Hearing, the time limits prescribed in the Eastern District of Michigan Local Rules apply for filing responses and replies to motions. All briefs shall strictly comply with Local Rules 5.1 and 7.1. If a brief will exceed the page limit in Local Rule 7.1 by five or more pages, the motion for leave to file a brief in excess of the page limits must be filed at least one week before the brief is due. Whenever possible, all briefs filed with the Court shall be a searchable PDF.

6. **COURTESY COPIES**: A courtesy copy of all motions and briefs exceeding 25 pages (once exhibits are included) must be sent to the chambers via first class mail. The courtesy copy should consist of the actual e-filed document and contain the CM/ECF header on the top of each page and be printed double-sided. Preferably, the courtesy copy should be sent to chambers spiral bound. Alternatively, it may be sent unbound (rubber-banded or binder clipped) or in a three-ring binder. No matter the format, the exhibits must be tabbed.

7. **MOTIONS TO AMEND THE PLEADINGS**: In accordance with Local Rule 15.1, a party who moves to amend a pleading shall attach the proposed amended pleading to the motion. The document should be redlined to show the proposed changes to the pleading.

8. **SUMMARY JUDGMENT**: Before filing a motion for summary judgment under Federal Rule of Civil Procedure 56, parties should note that, under Rule 56(d), summary judgment may be denied if the non-moving party has not had the opportunity to discover essential evidence, and that Local Rule 7.1(b) requires a party to obtain the Court's leave to file more than one motion for summary judgment. Further, the Local Rules do not permit a party to file a motion as part of a response brief. E.D. Mich. Local Rules App'x ECF R. 5(e).

In addition, the parties must comply with the following guidelines:

    a. Each statement of fact must be supported with a pincite to specific record evidence.

    b. The first party to cite to a document must attach the entirety of that document to its brief. For example, if the moving party cites a deposition, the moving party should docket the entire deposition transcript. The non-moving party should then cite to the already-docketed transcript (rather than attaching its own version of the transcript). This rule applies for all documentary evidence. The goal is to avoid duplication in the summary-judgment record.

    c. A party citing to previously-docketed evidence must cite such evidence by its "ECF No." and "PageID" found in the header generated by CM/ECF. For example, "(ECF No. 9, PageID.324)".

    d.  All documentary evidence and briefs, especially deposition transcripts, must be filed in a searchable PDF format. As such, it highly advised to obtain and docket an electronic copy of a document rather than scan in a hardcopy of the document (e.g., printing a brief and then scanning it in is not advised).

    e.  Deposition transcripts should be filed in standard, not minuscript, form.

    f.  The parties are *not* to include copies of unpublished cases that are available on Westlaw or Lexis.

9. **CASE EVALUATION/FACILITATION**: Parties may stipulate to case evaluation or mediation, or request a settlement conference with the District or Magistrate Judge at any time. In all cases, a brief status conference will be conducted shortly before or after the close of discovery to discuss settlement options. It is the responsibility of the attorneys to make sure that case evaluation is completed before the final pretrial conference. If the parties elect to submit the case to case evaluation pursuant to E.D. Mich. LR 16.3 or to private facilitation, they must complete the Court's form order of reference which is available at http://www.mied.uscourts.gov/pdffiles/MichelsonOrderofFacilitationForm.pdf.

10. **MOTIONS IN LIMINE**: Motions in limine are to be filed by the deadline set above. Such motions are not to recast issues previously presented in summary judgment or discovery motions. Rather, motions in limine serve the limited purpose of alerting the Court to significant evidentiary issues that should be addressed prior to trial. The Court will set an expedited briefing schedule to be completed before the Final Pretrial Conference. The Court will generally decide the motions at the Conference, but will exercise its discretion in deferring a decision until trial.

11. **PROPOSED FINAL PRETRIAL ORDER AND CONFERENCE**:

    a.  The parties are to strictly adhere to E.D. Mich. LR 16.2 in jointly preparing a proposed Final Pretrial Order, except as this Court may otherwise provide. Briefly, Local Rule 16.2 requires that the proposed order contain the following information: (1) jurisdiction, (2) plaintiff's claims, (3) defendant's claims, (4) stipulation of facts, (5) issues of fact to be litigated, (6) issues of law to be litigated, (7) evidentiary problems likely to arise at trial, (8) a witness list, (9) an exhibit list and any objections, (10) an itemization of damages, (11) type of trial (e.g., jury) and its estimated length, and (12) details regarding the most recent settlement effort. The parties are directed to E.D. Mich. LR 16.2 for further details.

        i.  The exhibit list must be prepared in the format described in item 12(c), *infra*. Objections should be stated concisely (e.g. "relevance," "prior acts," "best evidence rule").

    b.  **Voir Dire**: It is the Court's practice to conduct *voir dire*. The Court will, however, entertain requests for follow-up and additional *voir dire* on a limited basis and may permit such *voir dire* to be conducted by counsel. In such instances, counsel must confine themselves to true *voir dire* and not engage in posturing or argument. While the Court has standard *voir dire* questions, counsel may submit a list of no more than

4

      fifteen (15) other inquiries specific to the cause(s) of action that they want the Court to include. Counsel shall also prepare a two-to-three paragraph joint statement of the case which will be read by the Court to the prospective panel of jurors during the *voir dire*.

  c. **Jury Instructions**: The parties are to meet and confer prior to trial to prepare jury instructions on the substantive law of the case. It is the Court's practice to give standard preliminary opening and closing instructions, though the parties may request particular instructions as may be appropriate. In accordance with the schedule set above, the parties are to file with the court a single set of proposed, stipulated jury instructions. The Court expects most of the proposed instructions to be agreed upon. The parties are advised to consult Federal Jury Practice and Instructions (available on Westlaw in the FED-JI database) or Modern Federal Jury Instructions (available on Lexis in the MOFEJI database), and, to the extent that Michigan law governs, the Michigan Model Civil Jury Instructions. If, after a good faith effort, the parties cannot agree upon a particular instruction, each party must submit a proposed instruction under a single heading followed by a brief, one paragraph statement supporting their version (or argument that the instruction should not be given), including supporting authority. This should be the exception and not the rule. All instructions, both agreed and disputed, shall be presented in sequential order and in a single document. If a proposed instruction is based on one from a model source, the parties should include a citation to the model instruction.

  d. **Verdict Form**: The parties are to meet and confer prior to trial to prepare a proposed joint verdict form. If the parties cannot agree on a proposed verdict form, they may submit separate verdict forms with supporting authority.

  e. The (1) proposed Final Pretrial Order, (2) voir dire materials (including the joint case summary), (3) proposed jury instructions, (4) proposed verdict form, and (5) exhibit list must be submitted in Microsoft Word format through the document utilities function of CM/ECF on the day the Final Pretrial Order is due as set forth above.

  f. Trial counsel must be present at the Final Pretrial Conference with their clients (or a client representative) and have settlement authority.

**12. EXHIBITS**:

  a. Counsel are required to mark all proposed exhibits in advance of trial. The preferred method is to use the traditional "Plaintiff's Exhibit __" and "Defendant's Exhibit __" in sequential order, but any clearly marked method is acceptable (e.g., numbers and letters). The parties are required to exchange marked exhibits three (3) days prior to the start of trial.

  b. Counsel are required to keep track of all admitted exhibits during trial. Counsel must confer and maintain one set of admitted exhibits which should be ready to be turned over to the jury prior to the closing jury instructions.

  c. With the filing of the Final Pretrial Order, the parties shall submit an Exhibit List which adheres to the following format:

5

| Exhibit # | Description | Objections | Received |

An "S" is to be placed in the column labeled "Received" for all stipulated exhibits. If the exhibit is not stipulated, the basis for objections should be indicated in the "Objections" column.

d. The day before the first day of trial, the parties are to provide the Court with a set of the marked exhibits. They are to be placed in a three-ring binder with the exhibit number displayed prominently on the tab corresponding to the exhibit and the above-referenced Exhibit List in the front.

e. The provisions of Federal Rule of Civil Procedure 37(c)(1) will apply for failure to list an exhibit.

13. **BENCH TRIALS:** Fourteen (14) days before trial, each party must serve on opposing counsel their proposed Findings of Fact and Conclusions of Law. Each party should review the other's proposed Findings and Conclusions, and then make changes to their own proposed Findings and Conclusions as necessary. Seven (7) days before trial, each party shall submit to the Court a courtesy copy of its proposed Findings of Fact and Conclusions of Law (at the address provided above), and email the Court an editable Word version (at the address provided above). If modifications have been made, each party shall re-serve their proposed Findings and Conclusions on the other parties. During the course of trial, parties shall be prepared to submit to the Court, and to exchange among themselves, supplemental Findings of Fact and Conclusions of Law.

14. **CIVILITY:** The Court expects compliance with this District's Civility Principles. Conduct inconsistent with the letter, and spirit, of those principles will not be tolerated. Counsel will treat all litigation participants, and each other, with professionalism, courtesy, and respect at all times. This includes what is written as well as what is said.

15. **TELEPHONIC STATUS CONFERENCES:** If issues or disputes arise that the parties believe can be resolved short of motion practice, counsel are encouraged to contact the Court's Case Manager and schedule a telephonic status conference for the purpose of trying to resolve the matter. Any time the Court schedules a telephonic conference it will be conducted through the Eastern District of Michigan's telephonic conference system. At the time specified for the conference, the parties shall call (866) 434-5269. The system will then provide directions for joining the call; when asked for an access code, use 9819334. If possible, please refrain from participating in the conference on a cell phone.

Dated: December 16, 2020

                                    s/Laurie J. Michelson
                                    LAURIE J. MICHELSON
                                    UNITED STATES DISTRICT JUDGE