UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL OLIVER,

    Plaintiff,

CASE NO. 20-12711
HON. LAURIE J. MICHELSON

-vs-

DONALD BUSSA, in his
Individual and official capacity,
And the CITY OF DETROIT,
Jointly and Severally,

Defendants.

## STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL LITIGATION RECORDS

The parties having stipulated to the matters stated herein, and the Court otherwise being fully advised in the premises:

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. This Protective Order shall govern the production and disclosure of any records, documents, electronically stored information, materials, things, discovery materials (including responses to interrogatories, depositions, and requests to admit), medical or personnel records, audio recordings, video recordings, materials filed with the Court, or testimony in this action; these materials shall be designated as Confidential Litigation Records (CLR).

2. The parties, through their respective counsel, shall be prohibited from using or disclosing CLR for any purpose other than use in the litigation of this action and the parties shall not use or disclose CLR in any way for any other purpose.

3. The parties may disclose CLR only to the following persons:

   (i) Counsel of record for the Parties in this action, including attorneys, paralegals, and clerical and other regular employees of their respective firms who are assisting in this action (including third-party vendors engaged by counsel for the litigation of this action); and

   (ii) Consultants, investigators, or experts who may testify as witnesses or be necessary to assist in the preparation and trial of this action.

   Individuals privy to any CLR under this provision shall be bound by this Protective Order.

4. If any CLR is inadvertently disclosed to any unauthorized person, the party (or counsel) responsible for the inadvertent disclosure shall notify the other party in writing. Such notice shall be sent within three (3) days after the inadvertent disclosure is discovered, and shall identify by name, address, telephone number, and employer, each unauthorized person to whom the disclosure was made, the date of such disclosure, and the circumstances of the disclosure. The party who inadvertently disclosed the CLR will make every reasonable effort to retrieve it and to prevent further disclosure.

5. The parties may disclose CLR to the Court, including, but not limited to, pleadings, papers and exhibits filed with the Court, and at proceedings before the Court; however, the disclosing party agrees to confer with the opposing party regarding appropriate redactions or stipulations to protect the confidentiality of CLR before publicly filing the document. To the extent the parties cannot reach an agreement concerning the redaction of CLR, the opposing party shall promptly file a motion for protective order, and the disclosing party shall maintain the disputed material as confidential until the Court issues its order on the disclosing party's motion for protective order.

6. Nothing in this Protective Order shall limit the use of any CLR at trial.

7. Nothing in this Protective Order shall be construed as a waiver of any party's right to raise or assert any defense or objection, including but not limited to: (a) claims of privilege, (b) the production of any documents or information, (c) the admissibility of any documents or information as evidence at trial, (d) objections regarding the use, relevance, and admissibility of any documents, testimony, or information subject to this Protective Order.

8. This Order does not authorize the filing of any documents under seal. Documents may be sealed only if authorized by statute, rule, or order of the Court. The party seeking to file any paper under seal shall comply with the requirements of LR 5.3.

9. This Protective Order is binding on all parties and shall remain in full force and effect until modified, superseded, or terminated by written consent of the parties or by order of the Court.

10. Nothing in this Protective Order shall preclude any party from applying to the Court for modification of the terms of this Protective Order as may be appropriate; provided that before any such application the parties shall confer and make a good faith effort to resolve the matter by agreement.

11. At the end of the pending litigation, including any appeals, the parties shall return, or verifiably destroy, all CLR produced by the opposing party.

IT IS SO ORDERED.

Dated: February 10, 2022

                                            s/Laurie J. Michelson
                                            LAURIE J. MICHELSON
                                            UNITED STATES DISTRICT JUDGE

I stipulate to the entry of the order above:

   /s  David A. Robinson
**DAVID A. ROBINSON (P38754)**

   /s   Patrick M. Cunningham
**PATRICK M. CUNNINGHAM (P67643)**