UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL OLIVER,

    Plaintiff,                  CASE NO.  20-12711
                                      HON. LAURIE J. MICHELSON

-vs-

CITY OF DETROIT, a municipal
corporation, and DETECTIVE DONALD
BUSSA, in his individual capacity,

    Defendants.

---

| | |
|---|---|
| DAVID A. ROBINSON (P38754) | PATRICK M. CUNNINGHAM |
| BRANDON MCNEAL (P81300) | (P67643) |
| Robinson and Associates, P.C. | City of Detroit Law Department |
| Attorneys for Plaintiff | Attorneys for City of Detroit and Bussa |
| 28145 Greenfield Rd., Suite 100 | 2 Woodward Avenue, Suite 500 |
| Southfield, MI 48076 | Detroit, MI 48226 |
| (248) 423-7234 | (313) 237-5032 |
| davidrobinsonlaw@gmail.com | cunninghamp@detroitmi.gov |
| | |
| THOMAS E. KUHN (P37924) | |
| Co-Counsel for Plaintiff | |
| 615 Griswold Street, Ste. 515 | |
| Detroit, MI 48226 | |
| (313) 963-522 | |
| tekuhn@ahol.com | |

---

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**NOW COME** Defendants, CITY OF DETROIT and DONALD

BUSSA and for their Motion for Summary Judgment, state as follows:

1. There are no genuine issues of material fact in this case, because no rational trier of fact could review the evidence in this case and conclude that Plaintiff has proven the elements of any of the claims alleged in his complaint.

2. Additionally, Donald Bussa is entitled to qualified immunity.

3. The undersigned counsel certifies that counsel personally spoke to opposing counsel, explaining the nature of the relief to be sought by way of this motion and seeking concurrence in the relief; opposing counsel expressly denied concurrence.

**WHEREFORE**, for the reasons stated in the attached brief, Defendants respectfully request that this Court grant their motion for summary judgment and dismiss plaintiff's complaint with prejudice.

Respectfully submitted,

/s/ Patrick M. Cunningham
PATRICK M. CUNNINGHAM (P67643)
City of Detroit Law Department
Attorneys for Defendants
2 Woodward Avenue, Suite 500
Detroit, MI 48226
(313) 237-5032
cunninghamp@detroitmi.gov

DATED:    March 3, 2023

# BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

## Contents

Contents ............................................................................................................. i

Controlling Authority ...................................................................................... iii

Index of Authorities ........................................................................................ v

Page(s) ............................................................................................................ v

Statement of Issues Presented ....................................................................... vii

Introduction ..................................................................................................... 1

Statement of Material Facts ........................................................................... 2

Standard of Review ......................................................................................... 6

Analysis ........................................................................................................... 7

   I.   Plaintiff is precluded from bringing any claim premised upon a lack of probable cause for his arrest and prosecution, since that issue has been actually litigated and fully determined in Michigan's 36th District Court. ......................... 7

   II.  Donald Bussa is entitled to summary judgment on Plaintiff's false arrest and imprisonment claims because there is no evidence that he seized or arrested Plaintiff. ......................... 9

   III.   Donald Bussa is entitled to summary judgment on Plaintiff's false arrest and imprisonment claims because Plaintiff was arrested pursuant to a facially valid warrant. ......................... 10

   IV.   Donald Bussa is entitled to summary judgment on Plaintiff's false arrest and false imprisonment claims because there is no evidence of knowingly false statements to the judge such that but for the falsities the judge would not have issued the warrant. ......................... 10

   V.  Donald Bussa is entitled to summary judgment on Plaintiff's claims because Plaintiff's arrest and prosecution were supported by probable cause. ......................... 13

   VI.   Donald Bussa is entitled to qualified immunity from Plaintiff's constitutional claims. ......................... 15

   VII.  The City of Detroit is entitled to summary judgment under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690–91 (1978). ......................... 16

i

VIII.  Defendants are entitled to summary judgment on any other claims in Plaintiff's complaint. .............................................................................19

Conclusion ...............................................................................................20

**Controlling Authority**

The Full Faith and Credit Act, 28 U.S.C. § 1738, requires federal courts to "give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984).

"A law enforcement officer is entitled to rely on an eyewitness identification to establish adequate probable cause with which to sustain an arrest."  *Ahlers v. Schebil*, 188 F.3d 365, 370 (6th Cir. 1999).

"Qualified immunity attaches when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." "Because the focus is on whether the officer had fair notice that her conduct was unlawful, reasonableness is judged against the backdrop of the law at the time of the conduct."

Although "this Court's caselaw does not require a case directly on point for a right to be clearly established, existing precedent must have placed the statutory or constitutional question beyond debate." *Kisela v. Hughes*, 138 S. Ct. 1148, 200 L. Ed. 2d 449 (2018).

iii

## Index of Exhibits

**A. Deposition Transcript Stephen Cassani**

**B. Deposition Transcript Donald Bussa**

**C. Investigator's Report with Attachments**

**D. Deposition Transcript Michael Oliver**

**E. Arrest Warrant**

**F. Arrest Report**

**G. Preliminary Examination Transcript**

**H. Register of Actions**

# Index of Authorities

Page(s)

Cases

*Ahlers v. Schebil*,
  188 F.3d 365 (6th Cir. 1999) ........................................................ 13, 14
*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986).............................................................................6
*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009).............................................................................9
*Barrow v. Pritchard*,
  235 Mich. App. 478 (1999) ..................................................................7
*Barton v. Martin*,
  949 F.3d 938 (6th Cir. 2020) .............................................................15
*Burgess v. Fischer*,
  735 F.3d 462 (6th Cir. 2013) ........................................................ 17, 18
*City of Escondido, Cal. v. Emmons*,
  202 L. Ed. 2d 455 (Jan. 7, 2019) .......................................................15
*Coogan v. City of Wixom*,
  820 F.2d 170 (6th Cir. 1987) ...........................................................7, 8
*Doe v. Claiborne Cnty., Tenn. By & Through Claiborne Cnty. Bd. of Educ.*,
  103 F.3d 495 (6th Cir. 1996) .............................................................18
*Kisela v. Hughes*,
  138 S. Ct. 1148, 200 L. Ed. 2d 449 (2018).........................................15
*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
  475 U.S. 574 (1986).............................................................................6
*Migra v. Warren City Sch. Dist. Bd. of Educ.*,
  465 U.S. 75 (1984)...............................................................................7
*Monat v. State Farm Ins. Co.*,
  469 Mich. 679 (2004) ...........................................................................7
*Monell v. Dep't of Soc. Servs. of City of New York*,
  436 U.S. 658 (1978) ............................................................. vii, 16, 18
*Pembaur v. City of Cincinnati*,
  475 U.S. 469 (1986).............................................................................16
*Peterson v. Heymes*,
  931 F.3d 546 (6th Cir. 2019) ...............................................................7

v

*Powers v. Hamilton Cnty. Pub. Def. Comm'n*,
  501 F.3d 592 (6th Cir. 2007) ................................................................16
*Robertson v. Lucas*,
  753 F.3d 606 (6th Cir. 2014) ..................................................................9
*Sykes v. Anderson*,
  625 F.3d 294 (6th Cir. 2010) ................................................................12
*Thomas v. City of Chattanooga*,
  398 F.3d 426 (6th Cir. 2005) ................................................................17
*Voyticky v. Vill. of Timberlake, Ohio*,
  412 F.3d 669 (6th Cir. 2005) .................................................... 8, 9, 12
*Watkins v. City of Battle Creek*,
  273 F.3d 682 (6th Cir. 2001) ................................................................16
*Yancey v. Carroll Cnty., Ky.*,
  876 F.2d 1238 (6th Cir. 1989) .............................................................10

Statutes

28 U.S.C. § 1738 ...................................................................................7
42 U.S.C. § 1983 ................................................................ 9, 13, 16, 17
MCL 750.357 ........................................................................................2

Rules

Fed. R. Civ. P. 56(a) ..............................................................................6

**Statement of Issues Presented**

I.     Is Plaintiff precluded from bringing any claim premised upon a lack of probable cause for his arrest and prosecution, since that issue has been actually litigated and fully determined in Michigan's 36th District Court?

II.    Is Donald Bussa entitled to summary judgment on Plaintiff's false arrest and imprisonment claims because there is no evidence that he seized or arrested Plaintiff?

III.   Is Donald Bussa is entitled to summary judgment on Plaintiff's false arrest and imprisonment claims because Plaintiff was arrested pursuant to a facially valid warrant?

IV.    Is Donald Bussa entitled to summary judgment on Plaintiff's false arrest and false imprisonment claims because there is no evidence of knowingly false statements to the judge such that but for the falsities the judge would not have issued the warrant?

V.     Is Donald Bussa entitled to summary judgment on Plaintiff's claims because Plaintiff's arrest and prosecution were supported by probable cause?

VI.    Is Donald Bussa entitled to qualified immunity from Plaintiff's constitutional claims?

VII.   Is the City of Detroit entitled to summary judgment under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690–91 (1978)?

VIII.   Are Defendants entitled to summary judgment on any other claims in

Plaintiff's complaint?

**Introduction**

Stephen Cassani, an eyewitness to a crime, identified Michael Oliver as the perpetrator of the crime after picking Oliver out of a photographic lineup.  Donald Bussa, a Detective with the Detroit Police Department, sought a warrant for Oliver's arrest based upon Cassani's identification.  A magistrate signed the warrant for Oliver's arrest.  Cassani testified at a preliminary examination that Oliver was in fact the perpetrator of the crime.  A judge bound Oliver over on the charge. Subsequently, Cassani was convinced that Oliver was not the perpetrator, and charges against Oliver were dismissed.  Plaintiff has attempted to blame his arrest on facial recognition technology.  However, Plaintiff ignores the fact that the Investigator's Report authored by Bussa, the warrant signed by the magistrate, and the bind over determination of the judge were all supported by an eyewitness identification.  The eyewitness identification provided probable cause to arrest and prosecute Plaintiff and all of his claims should be dismissed.

**Statement of Material Facts**

1. On or about May 5, 2019, Stephen Cassani was the victim of a larceny, when his cell phone was stolen out of his hand.  (**Exhibit A 10:6-10, 19:17-22**).

2. Larceny from the person is a felony in Michigan.  MCL 750.357.

3. Cassani was recording video on his cell phone at the time it was stolen.  (**Id** 9:14-10:1).

4. When Cassani recovered his cell phone, it contained video of the man who had stolen the phone from Cassani.  (**Id** 12:20-13:2, 20:7-29).

5. Cassani provided the video to Detective Donald Bussa of the Detroit Police Department.  (**Id** 13:3-8).

6. Bussa isolated a still photo from the video and provided the photo to the Crime Intelligence Unit ("Crime Intel") of the Detroit Police Department.  (**Exhibit B** 21:19-22:1).

7. On May 22, 2019, Joseph Dabliz of Crime Intel used facial recognition technology to help generate an "investigative lead." (**Exhibit C pgs 13-14**).

8. Dabliz identified Plaintiff as a potential match for the individual in the photograph obtained from Cassani's video. (**Id**).

9. Bussa obtained a mugshot of Plaintiff and prepared a "6-pack" photograph lineup, which included Plaintiff's mugshot.  (**Exhibit C pg 11**).

10. Bussa invited Cassani to come to the police station to attempt to identify the man who stole Cassani's cell phone.  (**Exhibit A 13:9-23).**

11. Another police officer administered the lineup to Cassani.  (**Id 13:1-2**).

12. In the 6-pack, Cassani identified Plaintiff as the man who had stolen Cassani's cell phone.  (**Id** 15:20-25, **Exhibit C** pg 11).

13. Based upon Cassani's identification of Plaintiff, Bussa prepared an Investigator's Report, seeking a warrant for Plaintiff's arrest.  (**Exhibit C**).

14. The Investigator's Report describes the following circumstances: "On May 05, 2019 victim Stephen Cassani was in his vehicle on W. Warren in front of a vacant lot (3864 W Warren) where he observed a large fight.  Mr. Cassani started filming this incident on his IPhone 6 (cellphone), when he was approached by the suspect (later ID as Michael Oliver) who reached into Mr. Cassani vehicle and grabbed his cellphone from his hand and threw it. Breaking the phone and screen."  (**Id** pg 1).

15. Cassani confirmed the accuracy of these circumstances.  (**Exhibit A 19:6-25**).

16. The Investigator's Report describes the following investigation: "Mr. Cassani was able to recover the video he took on his cellphone and provided it to [Bussa]."  (**Exhibit C** pg 1).

17. Cassani confirmed the accuracy of this information.  (**Exhibit A** 20:7-12).

3

18. The Investigator's Report indicates "[Bussa] reviewed the video and seen the suspect reach inside the vehicle and grab Mr. Cassani cellphone and then the video went out." (**Exhibit C** pg 1).

19. Cassani confirmed that the video showed the suspect grab Cassani's cell phone. (**Exhibit A** 12:21-24).

20. The Investigator's Report continues: "[Bussa] Was able to capture a photo from the video and sent it into Crime Intel for facial recognition.  Crime intel I.S. Joseph Dabliz notified me the photo came back to Michael Owens Oliver B/M/[Birthdate]." (**Exhibit C** pg 1).

21. A copy of the Real Time Crime Center Crime Facial Recognition Report was attached to the Investigator's Report.  (**Exhibit C** pg 13-14).

22. The Investigator's Report continues: "Interviewed Mr. Cassani and took written statement.  Prepared a 6 pack photo lineup with Mr. Oliver in it, placed in spot#5.  Photo lineup was done by Det. Stevie Posey #d2698, to which Mr. Michael Oliver was picked out of the lineup, placed in spot#5.  Iphone 6 cellphone repair and case was $150.00."  (**Exhibit C** pg 1).

23. A copy of Mr. Cassani's written statement was attached to the Investigator's Report.  (**Exhibit C** pg 10).

24. Mr. Cassani confirmed that he identified the suspect in position #5 as the man who stole his cell phone.  (**Exhibit A** 20:24-21:2).

4

25. A copy of the 6-pack photo array signed by Cassani was included with the Investigator's Report. (**Exhibit C** pg 11).

26. A copy of the 6-pack photo array answer key was included with the Investigator's Report. (**Exhibit C** pg 12).

27. Plaintiff was unable to identify any false statements in the Investigator's Report. (**Exhibit D** 40:5-44:7).

28. On July 16, 2019, Magistrate Dawn M. White signed a warrant for Plaintiff's arrest for larceny from the person of Cassani. (**Exhibit E**).

29. On July 31, 2019, Plaintiff was arrested by an officer of the Ferndale Police Department. (**Exhibit F**).

30. On September 16, 2022, a Preliminary Examination was held in 36th District Court. (**Exhibit G**).

31. Cassani identified Plaintiff as the man who stole his cell phone. (**Id** 7:15-9:15, 22:16-21).

32. Judge Michael T. Wagner of the 36th District Court found that Cassani "did identify Mr. Michael Owens Oliver as the person who snatched the cell phone from his hands during an altercation on the street. That is sufficient evidence to a probable cause standard" and bound Plaintiff over on the charge of larceny from the person. (**Id** 31:11-15).

33. Subsequently, the criminal charges against Plaintiff were dismissed. (**Exhibit H**)

34. Bussa was aware that he was required to respect the constitutional rights of suspects, including the right under the Fourth Amendment not to be arrested improperly or seized improperly. (**Exhibit B** 52:18-25).

35. There is no evidence of any unconstitutional policy in this case.

### Standard of Review

Summary judgment is proper where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). No genuine dispute of material fact exists where the record "taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). This Court must decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986).

**Analysis**

I.    **Plaintiff is precluded from bringing any claim premised upon a lack of probable cause for his arrest and prosecution, since that issue has been actually litigated and fully determined in Michigan's 36th District Court.**

The existence of probable cause has been actually litigated, and determined by Michigan courts.

The Full Faith and Credit Act, 28 U.S.C. § 1738, requires federal courts to "give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984).  State law determines the preclusive effect of a state court judgment.  *Peterson v. Heymes*, 931 F.3d 546, 554 (6th Cir. 2019).  "Michigan law allows 'crossover estoppel,' which precludes the relitigation of an issue from a criminal proceeding in a subsequent civil proceeding, and vice versa. *Barrow v. Pritchard*, 235 Mich. App. 478 (1999)."  *Id.*

In Michigan, defensive collateral estoppel generally applies when: (1) an issue has been actually litigated and determined by a valid and final judgment; and (2) the party to be estopped had a full and fair opportunity to litigate the issue. *Monat v. State Farm Ins. Co.*, 469 Mich. 679 (2004). Mutuality is not required when collateral estoppel is being invoked defensively. *Id.* at 844–45, 850.

[W]here the state affords an opportunity for an accused to contest probable cause at a preliminary hearing and the accused does so, a finding of probable cause

7

by the examining magistrate or state judge should foreclose relitigation of that finding in a subsequent § 1983 action." *Coogan v. City of Wixom*, 820 F.2d 170, 175 (6th Cir. 1987) overruled on other grounds in *Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir.2001).  In *Coogan*, the plaintiff brought a claim of malicious prosecution.  The Court found that the plaintiff had a full and fair opportunity to litigate the issue of probable cause at a contested preliminary examination, where the plaintiff had the opportunity to call witnesses and cross-examine witnesses called by the prosecution.

In this case, all of Plaintiff's claims are premised on his arrest or prosecution without probable cause. The existence of probable cause to arrest and prosecute Plaintiff has been actually litigated and determined by a valid and final judgment at the Preliminary Examination on 36th District Court, where Plaintiff had the opportunity to call and cross-examine witnesses.  Plaintiff had a full and fair opportunity to litigate that issue and the court ruled against him. (**Exhibit G** 31:11-15). He is estopped from making that argument again in this lawsuit, and all of Plaintiff's  claims should be dismissed.

**II.  Donald Bussa is entitled to summary judgment on Plaintiff's false arrest and imprisonment claims because there is no evidence that he seized or arrested Plaintiff.**

Count I of Plaintiff alleges that Bussa falsely arrested and imprisoned him in violation of the Fourth Amendment.  (ECF 23 ¶¶ 103-108).  "A false arrest claim under federal law requires a plaintiff to prove that the arresting officer lacked probable cause to arrest the plaintiff." *Voyticky v. Vill. of Timberlake, Ohio*, 412 F.3d 669, 677 (6th Cir. 2005).  Bussa was not the arresting officer.  (**Exhibit F**).  In fact, Plaintiff testified he has never even spoken to Bussa.  (**Exhibit D** 46:11-12).

A claim under 42 U.S.C. § 1983 must demonstrate that a defendant "through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).   The Plaintiff must prove that the alleged violation was committed *personally* by the defendant. *Robertson v. Lucas*, 753 F.3d 606, 615 (6th Cir. 2014) (emphasis in original).  In this case, there is no evidence that Donald Bussa personally arrested or seized Plaintiff.  There is no evidence of any violation of the Fourth Amendment.  There is no evidence to create a genuine issue of material fact, and Bussa is entitled to judgment as a matter of law, and summary judgment on Count I of Plaintiff's complaint.

9

**III.   Donald Bussa is entitled to summary judgment on Plaintiff's false arrest and imprisonment claims because Plaintiff was arrested pursuant to a facially valid warrant.**

"An arrest pursuant to a facially valid warrant is normally a complete defense to a federal constitutional claim for false arrest or false imprisonment made pursuant to § 1983." *Voyticky v. Vill. of Timberlake, Ohio*, 412 F.3d 669, 677 (6th Cir. 2005).  In *Voticky* the plaintiff's claim of false arrest was barred by the existence of a facially valid warrant.  There was a facially valid warrant in this case.  (**Exhibit E**).  The existence of this warrant is a complete defense to Plaintiff's claims of false arrest and imprisonment and Bussa is entitled to summary judgment on Count I of Plaintiff's complaint.

**IV.   Donald Bussa is entitled to summary judgment on Plaintiff's false arrest and false imprisonment claims because there is no evidence of knowingly false statements to the judge such that but for the falsities the judge would not have issued the warrant.**

"[A]n officer cannot rely on a judicial determination of probable cause if *that officer* knowingly makes false statements and omissions to the judge such that but for these falsities the judge would not have issued the warrant." *Yancey v. Carroll Cnty., Ky.*, 876 F.2d 1238, 1243 (6th Cir. 1989).  First, Bussa did not participate in the arrest or seizure of Plaintiff.  Second, the officer who did arrest and seize Plaintiff did not make any statements to the judge in support of the warrant. Third,

10

there is no evidence that Bussa made any false statements to the judge in support of the warrant.

Bussa's Investigator's Report describes the following circumstances: "On May 05, 2019 victim Stephen Cassani was in his vehicle on W. Warren in front of a vacant lot (3864 W Warren) where he observed a large fight.  Mr. Cassani started filming this incident on his IPhone 6 (cellphone), when he was approached by the suspect (later ID as Michael Oliver) who reached into Mr. Cassani vehicle and grabbed his cellphone from his hand and threw it.  Breaking the phone and screen." (**Exhibit C** pg 1).   Cassani confirmed the accuracy of these circumstances at his deposition.  (**Exhibit A** 19:6-25).

The Investigator's Report describes the following investigation: "Mr. Cassani was able to recover the video he took on his cellphone and provided it to [Bussa]." (**Exhibit C** pg 1).   Cassani confirmed the accuracy of this information at his deposition.  (**Exhibit A** 20:7-12).

The Investigator's Report indicates "[Bussa] reviewed the video and seen the suspect reach inside the vehicle and grab Mr. Cassani cellphone and then the video went out." (**Exhibit C** pg 1).  At his deposition, Cassani confirmed that the video showed the suspect grab Cassani's cell phone.  (**Exhibit A** 12:21-24).

The Investigator's Report continues: "[Bussa] Was able to capture a photo from the video and sent it into Crime Intel for facial recognition.  Crime intel I.S.

11

Joseph Dabliz notified me the photo came back to Michael Owens Oliver B/M/[Birthdate]." (**Exhibit C** pg 1).  A copy of the Real Time Crime Center Crime Facial Recognition Report identifying Plaintiff as an investigative lead was attached to the Investigator's Report.  (**Exhibit C** pg 13-14).

The Investigator's Report continues: "Interviewed Mr. Cassani and took written statement.  Prepared a 6 pack photo lineup with Mr. Oliver in it, placed in spot#5.  Photo lineup was done by Det. Stevie Posey #d2698, to which Mr. Michael Oliver was picked out of the lineup, placed in spot#5.  Iphone 6 cellphone repair and case was $150.00." (**Exhibit C** pg 1).  A copy of Cassani's written statement was attached to the Investigator's Report.  (**Exhibit C** pg 10).  At his deposition, Cassani confirmed that he identified the suspect in position #5 as the man who stole his cell phone.  (**Exhibit A** 20:24-21:2).  A copy of the 6-pack photo array signed by Cassani was included with the Investigator's Report.  (**Exhibit C** pg 11).

At the preliminary examination, Cassani confirmed the substance of the Investigator's Report and identified Plaintiff as the man who stole his cell phone. (**Exhibit A** 7:15-9:15, 22:16-21).

Plaintiff was unable to identify any false statements in the Investigator's Report.  (**Exhibit D** 40:5-44:7).

And finally, there is no evidence that the judge would not have signed the warrant absent any false statement.  There is no evidence that the officers in this case could not rely on the judicial determination of probable cause.

V.      **Donald Bussa is entitled to summary judgment on Plaintiff's claims because Plaintiff's arrest and prosecution were supported by probable caus**e.

Plaintiff's false arrest claim requires him to prove that the arresting officer lacked probable cause to arrest the plaintiff." *Voyticky v. Vill. of Timberlake, Ohio*, 412 F.3d 669, 677 (6th Cir. 2005).  Likewise, Plaintiff's malicious prosecution claim requires him to show a lack of probable cause.  *Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010).

"A law enforcement officer is entitled to rely on an eyewitness identification to establish adequate probable cause with which to sustain an arrest."  *Ahlers v. Schebil*, 188 F.3d 365, 370 (6th Cir. 1999).  In this case, Bussa sought a warrant on the basis of Cassani's eyewitness identification of Plaintiff.  The magistrate who signed the warrant, and the judge who bound Plaintiff over for trial agreed with the statement of the law from *Ahlers* and found that there was probable cause to arrest and prosecute Plaintiff.

"Once probable cause is established, an officer is under no duty to investigate further or to look for additional evidence which may exculpate the accused. In fact, law enforcement 'is under no obligation to give any credence to a

13

suspect's story [or alibi] nor should a plausible explanation in any sense require the officer to forego arrest pending further investigation if the facts as initially discovered provide probable cause.'" *Ahlers v. Schebil*, 188 F.3d 365, 371 (6th Cir. 1999) (internal citations omitted).

Plaintiff alleges that Bussa should have contacted Andre Jackson, who was allegedly a witness to the crime. In *Ahlers*, an eyewitness complained that she had been sexually assaulted by Ahlers. Prior to the preliminary examination, the charges against Ahlers were dropped. Ahlers brought suit under 42 U.S.C § 1983 alleging false arrest and other claims. The Sixth Circuit Court of Appeals found that the eyewitness identification provided probable cause to arrest Ahlers. Ahlers argued that a variety of evidence that had not been collected by the defendants would have been exculpatory. The Sixth Circuit found the defendants "undeniably had sufficient probable cause to sustain Ahlers's arrest" based upon the eyewitness identification. *Ahlers v. Schebil*, 188 F.3d 365, 372 (6th Cir. 1999). Ahlers attempted to hold the defendants "liable for evidence which they failed to collect and, therefore, of which they were unaware." The Court rejected this attempt and held "there were no genuine issues of material fact as to whether Defendants had sufficient probable cause to sustain Ahlers's arrest." *Ahlers v. Schebil*, 188 F.3d 365, 372 (6th Cir. 1999).

Moreover, Plaintiff pursued his theories of exculpatory evidence at the Preliminary Examination.  As stated above, Plaintiff had a full and fair opportunity to litigate these issues and the court ruled against him. He is estopped from making these arguments again in this lawsuit. There was probable cause for Plaintiff's arrest and prosecution and all of Plaintiff's claims should be dismissed.

### VI.     Donald Bussa is entitled to qualified immunity from Plaintiff's constitutional claims.

"Qualified immunity attaches when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." "Because the focus is on whether the officer had fair notice that her conduct was unlawful, reasonableness is judged against the backdrop of the law at the time of the conduct."
Although "this Court's caselaw does not require a case directly on point for a right to be clearly established, existing precedent must have placed the statutory or constitutional question beyond debate." *Kisela v. Hughes*, 138 S. Ct. 1148, 200 L. Ed. 2d 449 (2018).

The United States Supreme Court "has repeatedly told courts ... not to define clearly established law at a high level of generality." *City of Escondido, Cal. v. Emmons*, 202 L. Ed. 2d 455 (Jan. 7, 2019).  The plaintiff bears the burden of showing that a right was clearly established at the time of an alleged injury. *Barton v. Martin*, 949 F.3d 938, 950 (6th Cir. 2020).  Plaintiff cannot satisfy this burden.

15

Donald Bussa is entitled to qualified immunity unless existing precedent "squarely governs" the specific facts at issue. *Kisela*, 200 L. Ed. 2d 449. Bussa "cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it." *Id.* Bussa is entitled to qualified immunity on all of Plaintiff's claims because there was no constitutional violation, and even if there had been a constitutional violation, it was not a clearly established right.

VII.  **The City of Detroit is entitled to summary judgment under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690–91 (1978).**

Plaintiff alleges a claim of municipal liability against the City of Detroit. (ECF 1). It is well settled that in order to establish a claim under 42 U.S.C. § 1983 against a municipality, a plaintiff must plead and prove a custom, policy, practice and/or procedure which caused a violation of the plaintiff's constitutional rights. *Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986); *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690–91 (1978). Liability must be predicated on more than allegations that a municipal employee is a tortfeasor. *Monell, supra* at 691.

16

"[A] municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). "Rather, liability will attach only where the plaintiff establishes that the municipality engaged in a policy or custom that was the moving force behind the deprivation of the plaintiff's rights." *Powers v. Hamilton Cnty. Pub. Def. Comm'n*, 501 F.3d 592, 607 (6th Cir. 2007) (quotations omitted).

However, if "no constitutional violation by the individual defendants is established, the municipal defendants cannot be held liable under § 1983." *Watkins v. City of Battle Creek*, 273 F.3d 682, 687 (6th Cir. 2001). As set forth below, Plaintiff has failed to establish any constitutional violation. Accordingly, the City cannot be held liable under § 1983.

Even if Plaintiff were able to establish a constitutional violation, Plaintiff cannot establish a policy or custom that was the moving force behind it.  "There are at least four avenues a plaintiff may take to prove the existence of a municipality's illegal policy or custom." *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). "The plaintiff can look to (1) the municipality's legislative enactments or official agency policies; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or

supervision; or (4) a custom of tolerance or acquiescence of federal rights violations." *Id.*

There is no evidence of any unconstitutional policy in this case. There is no evidence of any unconstitutional action by any official. Likewise, Plaintiff cannot establish municipal liability under a failure-to-train theory. A failure-to-train claim "requires a showing of prior instances of unconstitutional conduct demonstrating that the municipality had ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (quotations omitted). In this case, there are no facts demonstrating prior instances of similar misconduct so as to show that the City was on notice that its training and supervision was deficient. As such, the City is not liable under a failure-to-train theory.

Similarly, there is no evidence to establish liability under an inaction theory. To state a municipal liability claim on the basis of an inaction theory, where a policy of tolerating federal rights violations is unwritten but nevertheless entrenched, the plaintiff must show:

> (1) the existence of a clear and persistent pattern of [illegal activity]; (2) notice or constructive notice on the part of the [defendant]; (3) the [defendant's] tacit approval of the unconstitutional conduct, such that [its] deliberate indifference in [its] failure to act can be said to amount to an official policy of inaction; and (4) that the [defendant's] custom was the 'moving force' or direct causal link in the constitutional deprivation.

*Doe v. Claiborne Cnty., Tenn. By & Through Claiborne Cnty. Bd. of Educ.*, 103 F.3d 495, 508 (6th Cir. 1996).

Further, "a custom-of-tolerance claim requires a showing that there was a pattern of inadequately investigating similar claims." *Burgess*, 735 F.3d at 478. Plaintiff herein has not demonstrated a pattern of inadequate investigation of similar claims as required.  Therefore, the City cannot be held liable.

In sum, Plaintiff cannot show that a genuine issue of material fact exists with respect to plaintiff's claims against the City of Detroit under *Monell*, 436 U.S. 658 As such, the City of Detroit entitled to summary judgment.

### VIII.  Defendants are entitled to summary judgment on any other claims in Plaintiff's complaint.

Plaintiff's complaint cursorily refers to claims under the 1st Amendment, 5th Amendment, and 14th Amendment without alleging the elements of any such claim.  (ECF 23 ¶123).  To the extent that Plaintiff's complaint purports to state any claim other than those addressed above, there is no genuine issue of material fact, and Defendants are entitled to judgment as a matter of law on these claims. Moreover, Bussa is entitled to qualified immunity because there was no constitutional violation, and even if there had been a constitutional violation, it was not a clearly established right.

19

**Conclusion**

Bussa is entitled to qualified immunity on all of Plaintiff's constitutional

claims.  Defendants are entitled to judgment as a matter of law, and no reasonable

jury could possibly believe Plaintiff's claims in this case.  There are no genuine

issues of material fact, and Plaintiff's complaint should be dismissed with prejudice.

**WHEREFORE**, Defendants respectfully request that this Court grant their

motion for summary judgment and dismiss Plaintiff's complaint with prejudice.

Respectfully submitted,

/s/ Patrick M. Cunningham
PATRICK M. CUNNINGHAM (P67643)
City of Detroit Law Department
Attorneys for Defendants
2 Woodward Avenue, Suite 500
Detroit, MI 48226
(313) 237-5032
cunninghamp@detroitmi.gov

DATED: March 3, 2023

20

## LOCAL RULE CERTIFICATION

I, Patrick M. Cunningham, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

## CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2023, I electronically filed the foregoing with the clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record with the court.

/s/ Patrick M. Cunningham