UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL OLIVER,

    Plaintiff,

CASE NO.  20-12711
HON. LAURIE J. MICHELSON

-vs-

CITY OF DETROIT, a municipal corporation, and DETECTIVE DONALD BUSSA, in his individual capacity,

    Defendants.

_____

| | |
|---|---|
| DAVID A. ROBINSON (P38754) <br> BRANDON MCNEAL (P81300) <br> Robinson and Associates, P.C. <br> Attorneys for Plaintiff <br> 28145 Greenfield Rd., Suite 100 <br> Southfield, MI 48076 <br> (248) 423-7234 <br> davidrobinsonlaw@gmail.com | PATRICK M. CUNNINGHAM (P67643) <br> City of Detroit Law Department <br> Attorneys for City of Detroit and Bussa <br> 2 Woodward Avenue, Suite 500 <br> Detroit, MI 48226 <br> (313) 237-5032 <br> cunninghamp@detroitmi.gov |
| THOMAS E. KUHN (P37924) <br> Co-Counsel for Plaintiff <br> 615 Griswold Street, Ste. 515 <br> Detroit, MI 48226 <br> (313) 963-522 <br> tekuhn@ahol.com | |

**BRIEF IN SUPPORT OF DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT**

i

## Controlling Authority

The Full Faith and Credit Act, 28 U.S.C. § 1738, requires federal courts to "give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984).

"A law enforcement officer is entitled to rely on an eyewitness identification to establish adequate probable cause with which to sustain an arrest." *Ahlers v. Schebil*, 188 F.3d 365, 370 (6th Cir. 1999).

> "Qualified immunity attaches when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." "Because the focus is on whether the officer had fair notice that her conduct was unlawful, reasonableness is judged against the backdrop of the law at the time of the conduct."
> Although "this Court's caselaw does not require a case directly on point for a right to be clearly established, existing precedent must have placed the statutory or constitutional question beyond debate." *Kisela v. Hughes*, 200 L. Ed. 2d 449 (Apr. 2, 2018).

"The Constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted—indeed, for every suspect released." *Baker v. McCollan*, 443 U.S. 137, 145 (1979)

ii

## Statement of Issues Presented in Reply

I. Is Plaintiff precluded from bringing any claim premised upon a lack of probable cause for his arrest and prosecution, since that issue has been actually litigated and fully determined in Michigan's 36th District Court?

II. Is Donald Bussa entitled to summary judgment on Plaintiff's false arrest and false imprisonment claims because there is no evidence of knowingly false statements to the judge such that but for the falsities the judge would not have issued the warrant?

III. Is Donald Bussa entitled to summary judgment on Plaintiff's claims because Plaintiff's arrest and prosecution were supported by probable cause?

IV. Is Donald Bussa entitled to qualified immunity from Plaintiff's constitutional claims?

V. Is the City of Detroit entitled to summary judgment under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690–91 (1978)?

VI. Are Defendants entitled to summary judgment on any other claims in Plaintiff's complaint?

## Introduction

Stephen Cassani, an eyewitness to a crime, identified Michael Oliver as the perpetrator of the crime after picking Oliver out of a photographic lineup. Cassani was the only witness called by the prosecution at a preliminary examination where he testified that Oliver was in fact the perpetrator of the crime. A judge bound Oliver over on the charge. The eyewitness identification provided probable cause to arrest and prosecute Plaintiff and all of his claims should be dismissed, and Plaintiff's claims are barred by collateral estoppel.

**I.     Plaintiff is precluded from bringing any claim premised upon a lack of probable cause for his arrest and prosecution.**

[W]here the state affords an opportunity for an accused to contest probable cause at a preliminary hearing and the accused does so, a finding of probable cause by the examining magistrate or state judge should foreclose relitigation of that finding in a subsequent § 1983 action." *Coogan v. City of Wixom*, 820 F.2d 170, 175 (6th Cir. 1987). S*ee also Smith v. Thornburg*, 136 F.3d 1070, 1077 (6th Cir. 1998) ("[B]ecause plaintiff had a full and fair opportunity to litigate whether probable cause existed to maintain [the] charge against him, he is barred from relitigating that issue in this § 1983 action.")

Relying on a district court case *Hirmuz v. City of Madison Heights*, 469 F. Supp. 2d 466 (E.D. Mich. 2007), Plaintiff argues that he did not have a full and fair

1

opportunity to litigate the issue of probable cause at his contested preliminary examination.  However, *Hirmuz* involved a *Walker* hearing regarding the voluntariness of the plaintiff's confession.  The court in *Hirmuz* found that the *Walker* hearing did not preclude the plaintiff from litigating the issue of the voluntariness of the confession because "the state court judge did not hold that the statement was voluntary… Indeed, the criminal trial judge's ruling itself suggests that it did not have preclusive effect since she held that the issue could be relitigated before the jury."  *Hirmuz v. City of Madison Heights*, 469 F. Supp. 2d 466, 479 (E.D. Mich. 2007).

In this case, Judge Michael T. Wagner of the 36th District Court found that Cassani "did identify Mr. Michael Owens Oliver as the person who snatched the cell phone from his hands during an altercation on the street.  That is sufficient evidence to a probable cause standard" and bound Plaintiff over on the charge of larceny from the person.  (ECF N0. 43-7, PageID.722).  Judge Wagner's ruling does not suggest that it did not have preclusive effect.

Defendant also makes passing reference to *Darrah v City of Oak Park*, 255 F.3d.301 (6th Cir. 2001).  First, to the extent that *Darrah* conflicts with the earlier cases of *Coogan* and *Smith, supra*, the older precedent controls.  *Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 180 F.3d 758, 765 (6th Cir. 1999).  Second, this court has found that a state court probable cause determination may

2

not be preclusive if the plaintiff "can point to instances where the consideration of falsehoods or the omission of material exculpatory evidence could have colored a state-court judge's decision." *Bridgewater v. Harris*, No. 16-14112, 2020 WL 813388, at *7 (E.D. Mich. Feb. 19, 2020).

In this case, Plaintiff has made no such showing. First, at the preliminary examination in this case, Cassani did identify Plaintiff as the person who stole his cell phone. (ECF No. 43-7, PageID.698-699, ECF No. 43-7, Page ID.713). Cassani was the only witness called by the prosecution. The judge explicitly identified Cassani's testimony as the basis for finding probable cause. (ECF NO. 43-7, PageID.722).

Plaintiff alleges the following "misleading" information would have resulted in a finding that there was no probable cause to believe Plaintiff committed a crime: i. Bussa did not investigate Andre Jackson, who was a witness present at the time the crime was committed; ii. Bussa did not share exculpatory information with the prosecutor, iii. Bussa did not reveal that the identification of Plaintiff was solely a result of facial recognition technology, iv. Bussa did not discuss the potential for misidentification of a person of color by facial recognition technology, v. Bussa did not reveal information regarding Plaintiff's tattoos, vi. Bussa did not reveal that Cassani did not want to get his students in trouble, vii. Bussa did not reveal his training in the use of facial recognition technology.

3

Plaintiff's criminal defense attorney called Detective Bussa as a hostile witness at the preliminary examination. (ECF No. 43-7, PageID.714). Plaintiff's attorney questioned Bussa about Andre Jackson. (ECF No. 43-7, PageID. 715-716). Bussa indicated he never interviewed anyone except Cassani. First, this information is not exculpatory. The mere fact that Andre Jackson was not interviewed has no bearing on the existence of probable cause. Plaintiff has provided no evidence of what Andre Jackson may have said if he had been interviewed. Moreover, this issue was presented to the judge at the preliminary examination.

Next, Detective Bussa did not share any exculpatory evidence with the prosecutor because he did not *possess* any exculpatory evidence. The only specific evidence identified by Plaintiff as "exculpatory" is Cassani's purported statement that the suspect was possibly a previous student named Terry. First, this evidence is not exculpatory. Second, this issue was also explored by Plaintiff's attorney at the preliminary examination. (ECF No. 43-7, PageID.711). Cassani testified that the suspect was not a previous student of his. (Id). This "evidence" was presented to the judge at the preliminary examination.

There is no evidence that the identification of Plaintiff as a suspect was solely the result of facial recognition technology. On the contrary, the identification of Plaintiff as a suspect was the result of Cassani's eyewitness

4

identification.  Again, at the preliminary examination, Cassani identified Plaintiff as the person who stole his cell phone.  (ECF No. 43-7, PageID.698-699, ECF No. 43-7, Page ID.713).

Plaintiff argues that Bussa did not reveal the potential for misidentification of a person of color by facial recognition technology.  First Plaintiff has failed entirely to demonstrate any such potential based on the particulars of this case.  Second, the evidence presented to the judge was not that facial recognition had identified Plaintiff as the suspect, the evidence presented was that Cassani, an eyewitness, had identified Plaintiff as the suspect, both at a lineup and in court.

Plaintiff argues that Bussa did not reveal information regarding Plaintiff's tattoos.  First, at the preliminary examination, Plaintiff's attorney acknowledged that he had received a copy of video of the underlying crime.  (ECF No. 43-7, PageID.696).  Plaintiff's attorney questioned Cassani about the tattoos on the suspect.  (ECF No. 43-7, PageID. 706). This issue was presented to the judge at the preliminary examination.

Plaintiff argues that Bussa did not reveal that Cassani did not want to get his students in trouble.  Again, this is not exculpatory.  At his deposition, Detective Bussa indicated that the student Cassani was trying to protect was a bystander, not the suspect.  (ECF No. 43-2, PageID.538).  Cassani testified at the preliminary examination that the suspect was not a student of his.  (ECF No. 43-7,

5

PageID.711). The issue of whether the suspect was a student of Cassani's was considered by the judge at the preliminary examination.

Plaintiff argues that Bussa did not reveal his training in the use of facial recognition technology. Again, the evidence presented to the judge was not that facial recognition had identified Plaintiff as an investigative lead, the evidence presented was that Cassani, an eyewitness, had identified Plaintiff as the suspect, both at a lineup and in court. Bussa did not use any facial recognition technology himself. (ECF No. 43-2, PageID.532). Bussa's training in this regard is neither relevant nor exculpatory.

Plaintiff has failed to identify any instances where the consideration of falsehoods or the omission of material exculpatory evidence could have colored a state-court judge's decision at the preliminary examination. This case is like *Peet v. City of Detroit*, 502 F.3d 557, 566 (6th Cir. 2007). In that case, like in this case, the plaintiff was unable to show that the state judge relied on false information to determine that probable cause existed to bind over for trial, and the plaintiff was precluded from relitigating the matter in § 1983 suit. Plaintiff had a full and fair opportunity to litigate the existence of probable cause and the state court ruled against him. He is estopped from making that argument again in this lawsuit, and all of Plaintiff's claims should be dismissed.

**II.     There is no evidence of knowingly false statements to the judge such that but for the falsities the judge would not have issued the warrant.**

"[A]n officer cannot rely on a judicial determination of probable cause if that officer knowingly makes false statements and omissions to the judge such that but for these falsities the judge would not have issued the warrant." *Yancey v. Carroll Cnty., Ky.*, 876 F.2d 1238, 1243 (6th Cir. 1989).  Plaintiff has provided **no** evidence of a single false or even inaccurate statement that Bussa made to the judge in support of the warrant.  Moreover, there is **no** evidence that the judge would not have signed the warrant absent any false statement.  There is **no** evidence that the officers in this case could not rely on the judicial determination of probable cause.

**III.    Plaintiff's arrest and prosecution were supported by probable cause.**

Although this court should not reach the issue of probable cause, since Plaintiff is estopped from challenging the existence of probable cause, Plaintiff's false arrest and malicious prosecution claims require him to prove that the arresting officer lacked probable cause to arrest the plaintiff.  "The ultimate question of probable cause (separate from the determination of historical facts) in a civil case when the historical facts are undisputed is a question of law for the court and not a jury." *Gerics v. Trevino*, 974 F.3d 798, 805 (6th Cir. 2020).  The historical fact that Plaintiff was identified by an eyewitness is undisputed.

"A law enforcement officer is entitled to rely on an eyewitness identification to establish adequate probable cause with which to sustain an arrest." *Ahlers v. Schebil*, 188 F.3d 365, 370 (6th Cir. 1999). "Once probable cause is established, an officer is under no duty to investigate further or to look for additional evidence which may exculpate the accused. In fact, law enforcement 'is under no obligation to give any credence to a suspect's story [or alibi] nor should a plausible explanation in any sense require the officer to forego arrest pending further investigation if the facts as initially discovered provide probable cause.'" *Ahlers v. Schebil*, 188 F.3d 365, 371 (6th Cir. 1999).

Although Plaintiff's response suffers from a paucity of facts supported by the record, even if Plaintiff's factual allegations are accepted as true – thus eliminating disputed issues of historical fact – probable cause still existed as a matter of law.

### IV. Donald Bussa is entitled to qualified immunity from Plaintiff's constitutional claims.

Bussa is entitled to qualified immunity on all of Plaintiff's claims because there was no constitutional violation, and even if there had been a constitutional violation, it was not a clearly established right. Although the Supreme Court's "caselaw does not require a case directly on point for a right to be clearly established, existing precedent must have placed the statutory or constitutional

8

question beyond debate." *Kisela*, 200 L. Ed. 2d 449. The United States Supreme Court "has repeatedly told courts ... not to define clearly established law at a high level of generality." *City of Escondido, Cal. v. Emmons*, 202 L. Ed. 2d 455 (Jan. 7, 2019). The plaintiff bears the burden of showing that a right was clearly established at the time of an alleged injury. *Barton v. Martin*, 949 F.3d 938, 950 (6th Cir. 2020). Plaintiff cannot satisfy this burden.

Plaintiff does not identify any case that establishes "beyond debate" that Bussa's actions were unconstitutional. For example, it is not sufficient to invoke claims of "false arrest" to satisfy the burden of proving that a right is clearly established. Relying on "the right to be free from false arrest" is akin to arguing that the "right to be free from excessive force" sufficiently repudiates qualified immunity in every case alleging excessive force. "[A] defendant cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it." *Plumhoff v. Rickard*, 572 U.S. 765, 778–79 (2014). Plaintiff has failed to identify any caselaw that would provide those contours, because no such cases exist.

V. **The City of Detroit is entitled to summary judgment under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690–91 (1978).**

9

Plaintiff alleges a *Monell* claim of inadequate training or supervision. Because Plaintiff cannot establish a constitutional violation by an individual officer, Plaintiff's *Monell* claim necessarily fails. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986). Nonetheless: "In limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983. A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick v. Thompson*, 563 U.S. 51, 61 (2011).[1] "To satisfy the statute, a municipality's failure to train its employees in a relevant respect must amount to deliberate indifference to the rights of persons with whom the [untrained employees] come into contact." *Id*. "[D]eliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Id*.

"A pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train." *Id*. The Supreme Court has "left open the possibility that, in a narrow range of circumstances, a pattern of similar violations might not be necessary to show deliberate indifference." *Id*. If the need for a certain type of training is sufficiently obvious, the failure to provide the obviously needed training could

---

[1] Internal citations and quotation marks omitted from citations.

theoretically be characterized as deliberate indifference to constitutional rights. *Gambrel v. Knox Cnty., Kentucky*, 25 F.4th 391, 408 (6th Cir. 2022). However, where it is understood that an actor receives some training on the constitutional subject matter—even training outside the workplace—that actor "does not present the same 'highly predictable' constitutional danger." *Harris v. City of Saginaw, Michigan*, 62 F.4th 1028, 1039 (6th Cir. 2023).

Either way, in order to hold a municipality liable for failure to train, "a municipality's improper training or supervision must have 'actually caused' the plaintiff's injury. This element requires proof of the two types of causation from the common law of torts: but-for (or factual) causation and proximate causation." *Id*.

Plaintiff has presented **no** evidence of a pattern of similar constitutional violations, let alone Defendants' deliberate indifference to such a pattern. Plaintiff has provided **no** evidence of a lack of training on constitutional subject matter.

Bussa was aware that he was required to respect the constitutional rights of suspects, including the right under the Fourth Amendment not to be arrested improperly or seized improperly. (ECF 43-2, PageID.561). Bussa's testimony makes clear that he understood probable cause was necessary to procure a warrant to arrest and prosecute Plaintiff. (ECF No. 43-2, PageID.540). Plaintiff's rights

11

were not violated in this case. Plaintiff has produced **no** evidence to support the "most tenuous" of the "most tenuous" failure to train claims.

## VI. Defendants are entitled to summary judgment on any other claims in Plaintiff's complaint.

Although Plaintiff's complaint does not state a claim of an unduly suggestive lineup, Plaintiff advances such a claim in his response to Defendants' motion for summary judgment.

Due process prohibits the use of impermissibly suggestive lineups. *United States v. Crozier*, 259 F.3d 503, 510 (6th Cir. 2001)

> Yet the Sixth Circuit has held that "a suggestive preindictment identification procedure does not in itself intrude upon a constitutionally protected interest." *Hutsell v. Sayre*, 5 F.3d 996, 1005 (6th Cir. 1993) (quoting *Manson v. Brathwaite*, 432 U.S. 98, 113 n.3 (1977)); *Gregory v. City of Louisville*, 444 F.3d 725, 747 (6th Cir. 2006) (citing *Manson*, 432 U.S. at 113). To rise to the level of a constitutional violation actionable under § 1983, the evidence obtained through a lineup must be used at trial. *Hutsell*, 5 F.3d at 1005 (adopting the Seventh Circuit's interpretation that *Stovall v. Denno*, 388 U.S. 293 (1967), and *Manson v. Brathwaite*, 432 U.S. 98 (1977), "do not establish a right to an impartial lineup as long as the evidence gained through that lineup is not used at trial") (quoting *Hensley v. Carey*, 818 F.2d 646, 650 (7th Cir. 1987)); *Gregory*, 444 F.3d at 747 (citing *Manson*, 432 U.S. at 113) ("[T]he prosecution's use of the identification at trial is a necessary intervening act for injury to occur and liability for any party to attach."). Moreover, a plaintiff asserting a § 1983 claim must allege a violation of the "core right" to a fair trial. It is not enough to allege a violation of the rule against admitting evidence from unnecessarily suggestive lineups, which is simply a "prophylactic rule" designed to protect the core right to a fair trial. *Hutsell*, 5 F.3d at 1005 ("[I]t is only the violation of the core right and not the prophylactic rule that should be actionable under § 1983.") (quoting *Hensley*, 818 F.2d at 648-49).

*Brown v. City of Detroit*, No. CV 12-13402, 2017 WL 2532964, at *2 (E.D. Mich. Mar. 7, 2017).

In this case, Plaintiff was not tried, and his "core right to a fair trial" was never threatened. Therefore, Plaintiff has no claim for a violation of due process. *Hutsell, supra*. Moreover, the lineup in this case was not unduly suggestive. Detective Bussa had a different officer administer the lineup in order to avoid being unduly suggestive. (ECF No. 43-1, PageID.482). Cassani testified no one suggested to him who he should pick out of the lineup. (Id). Cassani could not recall anyone suggesting that he had to pick someone out of the lineup. (Id). Cassani made a selection from the lineup because he believed Plaintiff was the suspect. (ECF No. 43-1, PageID.483). Cassani could not recall anything Bussa said to him at the time of the lineup. (ECF No. 43-1, PageID.499).

Additionally, none of the factors identified in *Neil v. Biggers*, 409 U.S. 188 (1972) point towards an impermissibly suggestive lineup. Cassani had ample opportunity to view the suspect with great attention upon their initial encounter. The suspect was mere feet away from Cassani at the time of the incident. (ECF No. 43-1, PageID 478). Cassani pointed out the suspect to the police on the date of the incident. (ECF No. 43-1, PageID.480). Cassani had not given a prior inconsistent description of the suspect. Cassani expressed certainty about his identification. From his memory, Plaintiff was "the one." ECF No. 43-1,

13

PageId.483). Cassani picked Plaintiff out of a photo lineup on June 4, 2020, three weeks after the incident. See *United States v. Causey*, 834 F.2d 1277, 1286 (6th Cir.1987) ("A three to four-*month* delay between the crime and the identification does not render the identification inherently unreliable.").

Finally, even if Plaintiff stated a claim for a due process violation, Bussa would be entitled to qualified immunity, because Plaintiff has failed to provide evidence of a clearly established constitutional violation.

## Conclusion

"The Constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted—indeed, for every suspect released." *Baker v. McCollan*, 443 U.S. 137, 145 (1979). Bussa is entitled to qualified immunity on all of Plaintiff's constitutional claims. Defendants are entitled to judgment as a matter of law, and no reasonable jury could possibly believe Plaintiff's claims in this case. There are no genuine issues of material fact, and Plaintiff's complaint should be dismissed with prejudice.

**WHEREFORE**, Defendants respectfully request that this Court grant their motion for summary judgment and dismiss Plaintiff's complaint with prejudice.

Respectfully submitted,

 /s/ Patrick M. Cunningham
PATRICK M. CUNNINGHAM (P67643)

DATED: April 28, 2023

14

**LOCAL RULE CERTIFICATION**

I, Patrick M. Cunningham, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

**CERTIFICATE OF SERVICE**

I hereby certify that on April 28, 2023, I electronically filed the foregoing with the clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record with the court.

/s/ Patrick M. Cunningham