UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL OLIVER,

Plaintiff,                                     CASE NO. 20-cv-12711
                                               HON. LAURIE J MICHELSON
v.

DONALD BUSSA, In his
individual and official capacity,
and CITY OF DETROIT,
Jointly and Severally,

Defendants,

_____

## CITY OF DETROIT'S RESPONSE
## MOTION FOR LEAVE TO FILE AMICI CURIAE BRIEF (ECF No. 58)


### STATEMENT OF ISSUES

**I.**   **Should the Court deny the ACLU's attempt to file a brief bolstering Plaintiff's response to Defendants' Motion for Summary Judgment under the guise of an "Amicus Curiae" brief.**

**The City answers: Yes.**

1

## MOST APPROPRIATE AUTHORITY

"Only a named party or an intervening real party in interest is entitled to litigate on the merits. The orthodox view of amicus curiae was, and is, that of an impartial friend of the court—*not an adversary party in interest in the litigation*." *United States v. State of Mich.*, 940 F.2d 143, 165–66 (6th Cir. 1991) (emphasis in original).

"The role of an amicus is generally to aid the Court in resolving doubtful issues of law rather than present a partisan view of the facts." *Dow Chem. Co. v. United States*, No. 00-CV-10331-BC, 2002 WL 33012185, at *1 (E.D. Mich. May 24, 2002).

Leave to file an amicus brief should be denied when the filer "wants to participate … not as a 'friend to the court' but as an adversary" to a party. *Commodities Exp. Co. v. City of Detroit*, No. 09-CV-11060-DT, 2009 WL 10632838, at *1 (E.D. Mich. Sept. 16, 2009).

## INTRODUCTION

The American Civil Liberties Union, the American Civil Liberties Union of Michigan, and Robert Williams ("the ACLU") are attempting to inject this case with arguments related to their own lawsuit before this court, in which Mr. Williams is represented by the American Civil Liberties Union and Mr. Williams has claims against the Defendants in this case. (Case No. 21-10827).

The ACLU style themselves as amicus curiae – friends of the court. In reality, they are merely friends of Mr. Oliver, and they should not be permitted to participate in this lawsuit as a "third-party legal interloper."  See *United States v. State of Mich.*, 940 F.2d 143, 164 (6th Cir. 1991).

The brief filed by the ACLU is essentially a response to Defendants' motion for summary judgment, except that it contains no citation to the record – no evidence and no exhibits. It is purely an attempt to bolster Mr. Oliver's response without being constrained to produce admissible evidence in support of the ACLU's arguments.

"The role of an amicus is generally to aid the Court in resolving doubtful issues of law rather than present a partisan view of the facts." *Dow Chem. Co. v. United States*, No. 00-CV-10331-BC, 2002 WL 33012185, at *1 (E.D. Mich. May 24, 2002). This Court has denied leave to file an amicus brief where, as here, the petitioner "wants to participate … not as a 'friend to the court' but as an

3

adversary" to a party. *Commodities Exp. Co. v. City of Detroit*, No. 09-CV-11060-DT, 2009 WL 10632838, at *1 (E.D. Mich. Sept. 16, 2009). Similarly, the Sixth Circuit has cautioned against allowing amicus curiae to litigate substantive issues in an adversarial capacity, for "[o]nly a named party or an intervening real party in interest is entitled to litigate on the merits. The orthodox view of amicus curiae was, and is, that of an impartial friend of the court—*not an adversary party in interest in the litigation*." *State of Mich.*, 940 F.2d at 165–66 (emphasis in original). Impartially advising the Court is not what the ACLU attempts to accomplish with its brief.

The ACLU's request to file an amicus brief is particularly inappropriate because they are currently engaged in separate litigation against Defendants. For instance, in *Dow Chemical Co.*, 2002 WL 33012185, this Court held that where a petitioner is "in a similar but separate lawsuit and has its own interests to protect," it should "not … be permitted to relitigate its own lawsuit" by filing an amicus brief in an altogether separate proceeding. 2002 WL 33012185, at *2; see also *Picard v. Greiff*, 797 F. Supp. 2d 451, 452 (S.D.N.Y. 2011) (denying motion to appear as amicus curiae "because [petitioner] is actually a party to another adversary proceeding brought by [the plaintiff] that is pending [before the court]"). The ACLU will have ample opportunity—in its own litigation with Defendants—

4

to assert all of the arguments that they try to inject, out of turn, in their proposed brief in this case.

Additionally, this Court has held that leave to file an amicus brief should be denied where "the [actual] parties [to the lawsuit] are quite capable, both in terms of quantity and quality, of fully explicating the legal and factual issues that this Court is called upon to decide." *Dow Chemical Co.*, 2002 WL 33012185, at *1. Here, Plaintiff is represented by experienced counsel. There is no unique information or perspective that the ACLU, non-parties to this lawsuit, can present to the Court, and their proposed brief should be rejected. See *Sciotto v. Marple Newtown Sch. Dist.*, 70 F. Supp. 2d 553, 556 (E.D. Pa. 1999) (amicus brief rejected where petitioner's interests were adequately represented by party to litigation, and where brief offered no unique information but was, instead, a mere advocacy piece on behalf of one of the parties).

The ACLU styles this lawsuit as one revolving around facial recognition technology. However, the issue before the court in this case is whether Plaintiff can survive summary judgment on his claims in this lawsuit. The ACLU's proposed brief is not helpful to the court in addressing that issue. Amici are not permitted to create, extend, or enlarge issues before the court. *State of Mich.*, 940 F.2d at 165.

The ACLU is not a friend of the court in this situation, and it would be wildly inappropriate and fundamentally unfair to permit the ACLU to file its proposed brief.

Finally, if the court permits the ACLU to file its adversarial, unauthorized, and irrelevant brief under the guise of an amicus brief, then fundamental fairness dictates that Defendants be permitted a full response. Defendants submit that this briefing is appropriately conducted in Mr. Williams' lawsuit, rather than in this lawsuit *and* in Mr. Williams lawsuit.

Wherefore, the City of Detroit requests that this Court deny the ACLU's motion (ECF No. 58), and strike the ACLU's brief (ECF No. 59).

Respectfully submitted,

/s/ Patrick M. Cunningham
PATRICK M. CUNNINGHAM (P67643)
City of Detroit Law Department
Attorneys for Defendant City of Detroit

Dated:  May 12, 2023

6

**Certificate of Service**

I hereby certify that on May 12, 2023, I electronically filed the foregoing with the clerk of the Court using the ECF system which will send notification of such filing to the attorneys of with the court.  /s/ Patrick M. Cunningham