IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL OLIVER,

    Plaintiff,

vs.

CITY OF DETROIT, et al.,

    Defendants.
_____/

Case No. 20-cv-12711

Hon. Laurie J. Michelson

## REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE AMICI CURIAE BRIEF OF AMERICAN CIVIL LIBERTIES UNION, AMERICAN CIVIL LIBERTIES UNION OF MICHIGAN, AND ROBERT WILLIAMS

Defendants oppose the motion for leave to file an amicus brief largely on the incorrect theory that amicus briefs should be permitted only if they are "impartial." ECF No. 60, PageID.1090. But the idea that an amicus curiae must be an impartial entity whose sole function is to advise rather than to advocate a particular viewpoint "became outdated long ago." *Neonatology Assocs., P.A. v. Comm'r of Internal Revenue*, 293 F.3d 128, 131 (3d Cir. 2002) (Alito, J.). *See also* Samuel Krislov, *The Amicus Curiae Brief: From Friendship to Advocacy*, 72 Yale L.J. 694 (1963). Rather, "[t]he traditional function of an amicus curiae is to assist in cases of general public interest by supplementing the efforts of private counsel and by drawing the court's attention to law that might otherwise escape consideration." *Shoemaker v.*

*City of Howell*, 795 F.3d 553, 562 (6th Cir. 2015) (citation omitted). That is what proposed amici do here.

As an initial matter, the Sixth Circuit case on which Defendants rely, *United States v. Michigan*, 940 F.2d 143 (6th Cir. 1991), is inapposite. The issue before that court was the propriety of what courts sometimes call a "litigating amicus," that is, an amicus that seeks to actively participate in the ongoing litigation much as the real party in interest would. *Id.* at 163–66. In that case, the district court had permitted a "litigating amicus curiae" to exercise "full litigating rights of a named party to the action including, but not limited to, the right to file pleadings, conduct discovery, introduce evidence at proceedings, issue and enforce subpoenas, present and enforce the attendance of witnesses, initiate and pursue proceedings in contempt," and more. *Id.* at 163–64. The Sixth Circuit held that such status could only be conferred pursuant to a proper motion for intervention, not a motion for leave to participate as amicus curiae. *Id.* at 164.

The ACLU, ACLU of Michigan, and Mr. Williams are not seeking that extraordinary level of involvement here, and ask only that the Court accept their amicus brief as it considers the Defendants' pending motion for summary judgment. That decision is within "the sound discretion of the court[], depending upon a finding that the proffered information of amicus is timely, useful, or otherwise necessary to the administration of justice." *Id.* at 165. *See also* ECF No. 58, PageID.1050–1051

(explaining usefulness of proffered amicus brief). Impartiality of an amicus curiae is not a factor bearing on the decision. To the contrary, courts routinely grant leave to file amicus briefs that would "augment" the arguments made by a party. *Shoemaker*, 785 F.3d at 562.

In fact, even a cursory review of amicus briefs filed in this Court and at the Sixth Circuit and U.S. Supreme Court would reveal a long list of organizations that have pecuniary, policy and other interests in the outcome of the underlying litigation. Those interests do not disqualify their participation as amici curiae. Notably, Federal Rule of Appellate Procedure 29, which governs filing of amicus briefs in the courts of appeals, actually requires motions for leave to file an amicus brief to state the "movant's interest" in the case. Fed. R. App. P. 29(a)(3)(A).[1] That requirement is, as then-Judge Alito observed, "difficult to square" with a requirement of impartiality. *Neonatology Assocs.*, 293 F.3d at 131. That is, it is difficult to envision a case in which an entity can both have an interest in the issues and be disinterested in its outcome. That is why amicus briefs in support of one party vastly outnumber amicus briefs in support of neither party. *See, e.g.*, Docket, *Carpenter v. United States*, 138 S. Ct. 2206 (2018) (No. 16-402) (listing filing of 19 amicus briefs in

---

[1] There is no rule governing motions for leave to file an amicus brief in the district court, but district courts often look to Rule 29 for guidance. *E.g.*, *In re Dow Corning Corp.*, 255 B.R. 445, 464–65 (E.D. Mich. 2000) (citing Rule 29, and permitting organization to file amicus brief "because it does have an interest in the [matter]").

support of a party, and one amicus brief in support of neither party). *See also* S. Ct. R. 37(3) (requiring amicus briefs to "identify the party supported").

Defendants also challenge the motion to file an amicus brief on the ground that the parties to the suit are well represented. ECF No. 60, PageID.1091. But "[e]ven when a party is very well represented, an amicus may provide important assistance to the court." *Neonatology Assocs.*, 293 F.3d at 132. In a case such as this one, where the Court's decision will have a significant impact on the constitutional rights of populations not represented by the parties and on police practices in Detroit and other jurisdictions, it is entirely appropriate for amicus to bring those implications to the Court's attention for its consideration as they are matters that are of general public interest. The cases cited by Defendants are not to the contrary. In those cases, courts denied leave to file amicus briefs when proposed amici sought merely to "collaterally attack the results or reasoning of a case decided adversely to the proposed amicus" and their brief raised no issues of aid to the court, *Dow Chem. Co. v. United States*, No. 00-CV-10331-BC, 2002 WL 33012185, at *2 (E.D. Mich. May 24, 2002), or where their motion failed to "satisf[y] the Court that [the brief] will provide any information that the Court will find 'useful' or 'timely' in this particular case," *Sciotto v. Marple Newtown Sch. Dist.*, 70 F. Supp. 2d 553, 555 (E.D. Pa. 1999). Amicus briefs are often filed and accepted in cases where the parties are represented by competent counsel, and are still of aid to the court.

Nor is it appropriate, as Defendants argue, *see* ECF No. 60, PageID.1090, to deny leave to file the amicus brief merely because proposed amici are involved in another lawsuit before this Court involving overlapping issues. Indeed, that is one source of the proposed amici's interest in this case that provides a basis for *granting* their motion. *See supra*. Courts have granted leave to file amicus briefs precisely because "overlap" with a case in which the proposed amici are a party provides them with a sufficient interest and relevant expertise to justify their amicus participation. *E.g.*, *Flagg v. City of Detroit*, 252 F.R.D. 346, 360 n.28 (E.D. Mich. 2008). Here, far from seeking to "relitigate their own lawsuit," ECF No. 60, PageID.1090 (quoting *Dow Chem. Co.*, 2002 WL 33012185, at *2), amici seek to provide additional context regarding the City of Detroit's practices with regard to use of facial recognition technology and photo lineups in investigations, and to "draw[] the court's attention to law that might otherwise escape consideration." *Shoemaker*, 795 F.3d at 562 (citation omitted).

Finally, Defendants misrepresent the contents of amici's brief. They claim that the proffered brief "contains no citation to the record," ECF No. 60, PageID.1089, but that is patently not the case. *See* ECF No. 59, PageID.1067 (citing Dablitz Dep.), 1068 (citing Howell and Dablitz Deps.), 1074 (citing facial recognition lead report), 1078 (citing Reporting Officer Narrative), 1079 (citing Cassani Dep.). And they argue that amici seek to improperly "create, extend, or

5

enlarge issues before the court." ECF No. 60, PageID.1091. But amici's proffered contribution is entirely permissible. Amici offer argument in support of Plaintiff's central contention that there are genuine issues of material fact about the existence of probable cause, whether Detective Bussa withheld or omitted material information from the application for the warrant to arrest Mr. Oliver, and whether the City's policies and practices contributed to violation of Mr. Oliver's rights. *Compare* Pl.'s Br., ECF No. 49, PageID. 749–752, *with* Amicus Br., ECF No. 59, PageID.1067–1083. The proposed amicus brief does not seek to introduce any new legal issues into this case. Rather, it provides supplemental arguments and background on issues already advanced by Mr. Oliver. As Defendants would apparently have it, "amici's role would be limited to parroting the briefs of the parties. But if that were true, amici would essentially serve no purpose whatsoever." *Shoemaker*, 795 F.3d at 562.

Because amici's brief "offers a unique perspective and analysis" that will "assist[] in resolving the issues before [the Court]," leave to file should be granted. *Flagg*, 252 F.R.D. at 360 n.28.

Dated: May 17, 2023

Respectfully submitted,

/s/Ramis J. Wadood
Ramis J. Wadood (P85791)
Philip Mayor (P81691)
Daniel S. Korobkin (P72842)
American Civil Liberties Union Fund
 of Michigan
2966 Woodward Ave.
Detroit, MI 48201
(313) 578-6803
pmayor@aclumich.org
dkorobkin@aclumich.org
rwadood@aclumich.org

Michael J. Steinberg (P43085)
Ben Mordechai-Strongin*
Lauren Yu*
William Ellis*
Mickey Terlep*
Julia Kahn*
Civil Rights Litigation Initiative
University of Michigan Law School
701 S. State St., Suite 2020
Ann Arbor, MI 48109
(734) 763-1983
mjsteinb@umich.edu

* Student Attorney practicing pursuant to Local Rule 83.21

Nathan Freed Wessler
American Civil Liberties Union
 Foundation
125 Broad Street, 18th Floor
New York, New York 10004
(212) 549-2500
nwessler@aclu.org

*Attorneys for Proposed Amici Curiae*

7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL OLIVER,<br><br>    Plaintiff(s),<br><br>v.<br><br>CITY OF DETROIT, et al.,<br><br>    Defendant(s). | Case No. 20-cv-12711<br>Honorable Laurie J. Michelson |

**BRIEF FORMAT CERTIFICATION FORM**

I, Ramis J. Wadood, hereby certify that the foregoing brief complies with Eastern District of Michigan Local Rules 5.1(a), 5.1.1, and 7.1 and Judge Michelson's Case Management Requirements. In particular, I certify that each of the following is true (click or check box to indicate compliance):

N/A the brief contains a statement regarding concurrence, *see* LR 7.1(a);

☒ the brief, including footnotes, uses 14-point font, *see* LR 5.1(a)(3);

☒ the brief contains minimal footnotes and, in all events, no more than 10, *see* Case Management Requirements § III.A;

☒ the brief and all exhibits are searchable .pdfs, *see* Case Management Requirements § III.A;

☒ the brief is double spaced (except for footnotes and necessary block quotes) with one-inch margins, *see* LR 5.1(a)(2);

N/A deposition transcripts have been produced in their entirety and not in minuscript, *see* Case Management Requirements § III.A;

☒ if the brief and exhibits total 50 pages or more, a courtesy copy with ECF headers will be sent to chambers, *see* Case Management Requirements § III.B.

I also acknowledge that if the Court later finds that these requirements are not met, my brief will be stricken.

/s/ Ramis J. Wadood
Dated: May 17, 2023